(No. 13208.—Reversed and remanded.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN JORDAN, Plaintiff in Error.

*Opinion filed April 21, 1920.*

1. CRIMINAL LAW—*when defendant cannot take advantage of failure of court to instruct grand jury.* The statute makes it the duty of the court to instruct the grand jury, but a defendant can not take advantage of the fact that the record shows that that duty was delegated to the State's attorney, where it does not appear that the defendant was thereby prejudiced in any way.

2. SAME—*statement by wife, in husband's presence, impliedly charging him with crime, is not admissible.* A statement made by one in the presence of the accused charging him with the crime for which he is on trial is admissible if not denied, where the jury, under the evidence, may reasonably conclude that the accused has ratified the statement or impliedly admitted its truth; but a statement by the wife of the accused in effect admitting that he committed the crime is not competent.

3. SAME—*when statement in instruction as to finding defendant guilty beyond reasonable doubt is erroneous.* A statement in an instruction that "if, after a careful and impartial consideration of all the evidence and lack of evidence in the case, you can say and feel that you have an abiding conviction of the guilt of the defendant

* * * then you are satisfied beyond a reasonable doubt," is erroneous, as authorizing the jury to base its abiding conviction of guilt upon a lack of evidence from any source, including a failure of the defendant to produce it.

4. SAME—*cause must be remanded where admission of improper evidence is prejudicial.* Persons charged with crime cannot be convicted upon incompetent evidence unless the Supreme Court can say that its admission is not prejudicial, and where the admission of such evidence is prejudicial the cause must be remanded, although there may be enough evidence in the record, in addition to the incompetent testimony, to justify conviction.

WRIT OF ERROR to the Circuit Court of Stephenson county; the Hon. RALPH E. EATON, Judge, presiding.

L. A. JAYNE, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, CHARLES H. GREEN, State's Attorney, and GEORGE C. DIXON, for the People.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

In an indictment preferred by the grand jury against the plaintiff in error, John Jordan, in the circuit court of Stephenson county, he was charged in four counts with the crime of rape upon Irene Schwoob. In each count it was alleged that he was of the age of seventeen years and upwards and she was under the age of sixteen years, and in the first and second counts the rape was charged to have been committed without force, and in the third and fourth with force and against her will. Upon a trial he was found guilty and that his age was over twenty-six years, and his punishment was fixed at imprisonment in the penitentiary for the term of one year. The record has been brought to this court by writ of error.

The first alleged error is that the court failed to instruct the grand jury as required by section 1 of division 11 of the Criminal Code. The record, after reciting the presence

of the judge, the return of a venire and appointment of a foreman, contains the following: "Oath having been administered to the foreman and the other grand jurors here, and they having been charged by the State's attorney, the court designated an officer of this court to attend the said grand jury, and thereupon the said grand jury retired to consider of their indictments." While the statute makes it the duty of the court to instruct the grand jury, there has been no recognized method by which one who is merely a prospective defendant to an indictment may preserve an exception to an alleged 'erroneous statement of law by the court to the grand jury or relating to the duties of that body or a failure to give any instruction. It does not appear in this case that the plaintiff in error was harmed or prejudiced by the fact that the duty was delegated to the State's attorney, and we see no good ground for saying that the failure of the court to advise the grand jury as to the law and their duties affected the validity of the indictment returned against the plaintiff in error.

On the trial a witness produced by the People testified that he heard a conversation between the father of Irene Schwoob and the wife of the defendant at the residence of the father in the presence of the defendant; that the defendant and his wife came there in a buggy and the father came near the buggy and motioned for the witness to come there and said, "Now, folks, what did you come for?" and that Mrs. Jordan said, "Now, we have come to settle this up." Counsel for the defendant moved to strike out the statement and the court denied the motion, holding the statement competent because made in the presence of the defendant. The witness then continued his answer, that the father said, "Celia, why didn't you, when you caught them at it, not admit it to me he was guilty when I was there?" and Mrs. Jordan replied, "If I only had, Pete! If I only had!" The court denied a motion to strike out that statement. The father also testified for the People to the

same conversation, and said that the defendant and his wife came there and he asked her, "Why didn't you talk to me when I was up there, when you knew this thing was going on? You catched them at it and I asked you about it and you denied it," to which she replied, "If I only had! If I only had!" He also said that Mrs. Jordan wanted to know if he would not come along to Freeport with them to see if it could not be settled, and he told her it was out of his power,—that the State had a hold of it. It is sought to justify the ruling of the court under the general rule that an admission may be implied from the conduct of a defendant in remaining silent when statements are made by a third person in his presence charging him with a crime, if the circumstances are such that a person so situated would naturally deny guilt or make explanations. If the circumstances are of that nature the evidence is admissible, and the question whether it amounts to an implied admission of guilt is to be determined by the jury. (*Ackerson* v. *People,* 124 Ill. 563; *People* v. *Tielke,* 259 id. 88.) The evidence is admitted not because somebody else made the statement, but because, taking all the circumstances into account, the jury may reasonably conclude that the accused has expressly or impliedly ratified the statement as his own or impliedly admitted its truth, and unless that is so the evidence cannot be admitted. (*People* v. *Pfanschmidt,* 262 Ill. 411.) The fatal objection to this evidence is that it brought before the jury a statement of a witness who was not competent to testify to the fact and in defiance of an express statutory provision. The defendant's wife was neither competent to testify in his behalf nor against him, and when offered as a witness by the defendant she was properly excluded upon the objection of the People. (*Miner* v. *People,* 58 Ill. 59; *Gillespie* v. *People,* 176 id. 238.) Inevitably the jury would take the testimony that she made the statement as evidence of the fact. The question to Mrs. Jordan why she did not admit the fact when she had caught

them in the act was no evidence of the fact, but her answer was an admission that she had caught them as stated and her error and regret that she had not admitted the guilt of defendant. The error was serious and prejudicial.

The court, at the instance of the People, gave to the jury the following instruction:

"The court instructs the jury in considering this case you should not go beyond the evidence to hunt for doubts, nor should you entertain such doubts as are merely imaginary or based upon groundless conjecture. A doubt, to justify an acquittal, must be reasonable and must arise from a candid and impartial consideration of all the evidence or lack of evidence in the case, and then it must be such a doubt as would cause a reasonable, prudent and considerate man to hesitate and pause before acting in the graver and more important affairs in life. If, after a careful and impartial consideration of all the evidence and lack of evidence in the case, you can say and feel that you have an abiding conviction of the guilt of the defendant arising from the evidence and are fully satisfied from the evidence of the truth of the charge, then you are satisfied beyond a reasonable doubt."

Among the metaphysical refinements concerning the genesis, attributes, limitations and effect of a reasonable doubt, it is recognized in legal philosophy that an insufficiency or lack of evidence to prove an accused guilty beyond a reasonable doubt may engender in the minds of a jury such reasonable doubt. It is the insufficiency or lack of evidence offered by the People to prove guilt which creates a reasonable doubt, but it is a different proposition to say that a lack of evidence from any source may be considered by the jury in determining whether they have an abiding conviction of the guilt of the defendant arising from that state of the evidence. That would include a failure of the defendant to testify to facts within his knowledge or to produce evidence to meet the evidence for the

People. After stating a recognized rule concerning doubt the instruction practically said to the jury that if they had an abiding conviction of the guilt of the defendant arising from the evidence offered and a lack of evidence from any source, they would be satisfied beyond a reasonable doubt. It was error to give the instruction.

It is urged, however, that no errors committed on the trial would warrant a reversal of the judgment, because the evidence for the People was so convincing that the jury could have come to no other conclusion than that the defendant was guilty. This raises a question whether the court, on a review of the record, can say that the errors committed could not have affected the result and therefore were not prejudicial. Irene Schwoob testified to a number of acts of intercourse with the defendant at different times and places in 1918, and at the conclusion of the evidence for the People the court allowed a motion of the defendant that the People elect as to which act they would rely upon. The People elected to rely on the act testified to by Irene Schwoob as having taken place on December 25, 1918, and to rely on the second count of the indictment. She testified at that time she was fifteen years old and was working at Christ Huyler's, between three and four miles from defendant's barn; that the defendant and his wife were at Huyler's for Christmas dinner and left about four o'clock in the afternoon; that she left Huyler's a little after four o'clock and walked toward the defendant's home and he met her between his place and the beginning of a lane; that they went to his barn shortly after six o'clock and remained there until near two o'clock in the morning and during that time committed the act two or three times. There was evidence for the People of admissions by the defendant to the sheriff and deputy sheriff that he had intercourse with Irene, and testimony of a doctor that he came to his office with her and asked the doctor to produce an abortion on her, which the doctor refused to do. These

admissions or confessions did not relate to the alleged occurrence on December 25, 1918, but were general in their character and related to the relations of the parties and the parentage of Irene's child. The defendant denied having ever had intercourse with Irene and also the alleged admissions and the visit to the doctor's office. Mrs. Huyler testified that before Irene left their home on Christmas day, in the afternoon, she called up Charlie Arbogast and said she was coming up to Arbogast's and was going to meet him half way. Christ Huyler and his wife both testified that defendant and Irene were not together at any time at Huyler's and had no communication with each other at their house, and he testified that the reputation of Irene for truth and veracity was bad. A witness who attended Irene and took care of her until she got a nurse at the time the child was born, testified that Irene said she had been out with a couple of other young fellows besides the defendant but it was none of defendant's business.

There can be no dissent from the conclusion that with the incompetent and prejudicial evidence that the wife of the defendant caught the parties in the act and regretted that she did not then admit his guilt there could be but one result, and that it was useless for counsel for the defendant to stand before the jury and argue that the testimony of Irene as to the alleged occurrence in the barn on December 25, 1918, was not true. Although there may be enough evidence in a record, in addition to incompetent testimony, to justify conviction, a defendant has a right to a trial by jury and not by this court. Respect for the law and its proper administration demands that persons charged with crime shall not be convicted upon incompetent evidence unless this court can say that the admission of such evidence to prove guilt was not prejudicial. Clearly that cannot be said as to the alleged act of December 25, 1918.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*