## WILLIAMS *v.* STATE.

### Opinion delivered May 21, 1923.

1. INTOXICATING LIQUORS—EVIDENCE OF MANFACTURING.—Evidence that defendants, when arrested, were preparing to make whiskey, together with their confession of guilt and their ownership of a still which had been in use many years, *held* to support a conviction for making whiskey.

2. CRIMINAL LAW—INSTRUCTION AS TO CIRCUMSTANTIAL EVIDENCE.— An instruction which erroneously assumed that the State relied wholly upon circumstantial evidence was properly refused where the State did not rely wholly upon that character of evidence.

3. CRIMINAL LAW—INSTRUCTION AS TO REASONABLE DOUBT.—An instruction that a reasonable doubt "is not an imaginary doubt or far-fetched doubt, but is a reasonable doubt growing out of the testimony in the case," is not objectionable as not including the idea that a reasonable doubt may arise from lack of evidence, as a doubt growing out of the testimony in a case necessarily relates to a lack of testimony as well as to testimony given in the case.

Appeal from Clark Circuit Court; *James H. McCollum,* Judge; affirmed.

*John D. Hoskins,* for appellants.

Evidence is insufficient to support the verdict. Shows at most some preparation toward manufacture. *Patterson* v. *State,* 140 Ark. 236; 141 Ark. 376; 151 Ark. 559; 4 Words and Phrases, 3736, "Intoxicating Liquors." There being no evidence that the offense of manufacturing liquor had been committed, the alleged confessions were not sufficient to support conviction. 107 Ark. 568; 111 Ark. 457. Court erred in referring appellant's requested instruction numbered 3. 2 Wharton's Criminal

Evidence, 127, sec. 3. Also in giving the instruction as to reasonable doubt.

*J. S. Utley,* Attorney General, *John L. Carter* and *Wm. T. Hammock,* Assistants, for appellee.

Appellants were convicted for violations of § 6160, Crawford & Moses' Digest, and the evidence is sufficient to support the verdict. 135 Ark. 159; 149 Ark. 501.

HUMPHREYS, J. Appellants were indicted, tried, and convicted in the circuit court of Clark County for making whisky, in violation of § 6160 of Crawford & Moses' Digest, which is as follows:

"It shall be unlawful for any person, firm or corporation to manufacture, sell or give away, or be interested, directly or indirectly, in the manufacture, sale or giving away of any alcoholic, vinous, malt, spirituous or fermented liquors, or any compound or preparation thereof, commonly called tonics, bitters or medicated liquors, within the State of Arkansas."

While the cases were tried together for convenience, separate verdicts were rendered against the parties. From the respective judgments of conviction each has duly prosecuted an appeal to this court. The respective appeals will be treated in one opinion, as the same questions are involved in the cases.

Appellants' first insistence for reversal is that the facts are insufficient to support the verdicts. If, upon all the facts and circumstances in the case, the jury might have indulged a reasonable inference that appellants had manufactured whiskey in said county within three years next before the finding of the indictments, then the evidence was sufficient to support the verdicts. The facts and circumstances revealed by the record are, in substance, as follows; four barrels of mash were discovered on the farm of Len Williams by Tom Tollerson, city marshal of Amity, and H. W. Chambers, deputy sheriff of said county. The mash was inspected every few days by the officers until January 22, 1923, at which time the fer-

mentation had progressed until it was ready for distilling, or ripe, as some of the witness said in describing its condition. On that day a part of the mash was removed from the barrels to a still located about seventy-five yards from Williams' house, on Williams' land. Early the next morning, before day, the officers concealed themselves from view at a point near the still, to watch for and catch the parties who came to the still for the purpose of operating it. Len Williams came before day, with a flashlight, and built a fire under the still. Just about daylight Oscar Wheeler came on horseback, carrying a coil and two jugs tied together with a rope, and, after holloing in a low tone to Williams, he approached the still from the opposite side of the fence, and placed the coil and jugs against the fence about three feet from the still. Wheeler went to the barn, put up his horse, and returned. It was quite cold, sleet being on the ground, so the officers came from cover and arrested appellants. In response to queries, they stated, in substance, that, if the run had been successful, they would have been able to make about twenty gallons of whiskey; that they owned the still and were the only parties interested therein; that they were making the whiskey to sell to get out of debt; that the still was a good one but old, having been in use for thirty years; that they had not been making whiskey long. Oscar Wheeler stated to the officers, in the presence of Len Williams, that they were caught at the still, were guilty, and the best they could do was to submit. W. A. Denton testified that, in conversation with Len Williams, Len told him he was making whiskey for the dollars and cents, not to drink. Bob Allen testified that, after the arrest, he asked Oscar Wheeler what in the world he meant, to which Oscar replied, ''Well, if I had had my way, I wouldn't a pulled this stunt off. I saw some tracks two weeks ago that led me to believe I had better let it alone, but I was thinking it was a kind of a bad morning, thought maybe I could get by with it.'' The justice of the peace testified

that, when appellants were brought before him, they admitted their guilt, and wanted to throw themselves upon the mercy of the court.

Appellants make the argument that, because no whiskey was found, and because the particular run in process of making had not been distilled, there was no substantial evidence to show that they had manufactured intoxicating liquors within three years next before the finding of the indictment. It is not necessary to find whiskey or intoxicating liquors in the possession of moonshiners in order to convict them of manufacturing intoxicants. It is sufficient, if a reasonable inference may be drawn from all the facts and circumstances, that they have manufactured same within a period covered by the indictment. In the instant case, when appellants were arrested, they were admittedly engaged in making whiskey, but had not yet converted the particular mash in hand into a finished product. Mash which was ripe and ready to run had been placed in a still owned by appellants, where, by a heating process, it was being prepared to pass through a coil, which was on the ground ready to be attached. The still was a good one, and had been in use for thirty years. Appellants were asked how long they had been making whiskey and said, "Not long," and that they were making it to sell. There is nothing in the record that this was appellants' first attempt to make whiskey or that they were novices in the business. On the contrary, a reasonable inference might have been well drawn from the surroundings, facts, and circumstances, that appellants were and had been for some time regularly engaged in the manufacture of intoxicating liquors. The preparations which had been made, the inclement morning selected to make the run, the early hour, the ownership of the still by the parties, and its age, all indicate that appellants were regularly engaged in the business. The facts are ample to support the verdict.

Appellants' next insistence for reversal is that the court erred in refusing to give their request No. 3, which is as follows:

"You are instructed that, where the prosecution relies upon circumstantial evidence alone for a conviction, the jury must be satisfied beyond a reasonable doubt that the crime has been committed by some one in manner and form as charged in the indictment, and they must not only be satisfied that all the circumstances proved are consistent with defendant's having committed the act, but they must also be satisfied that the facts are such as to be inconsistent with any other reasonable conclusion than that the defendant is the guilty person; and if the material facts necessary to constitute a chain of circumstances sufficient to authorize the jury in convicting the defendant under the other instructions herein are wanting in a single link in such chain, it is sufficient to raise a reasonable doubt, and the jury should acquit the defendant."

It is unnecessary to determine whether the instruction is a correct declaration of the law. It erroneously assumes that the State relied wholly upon circumstantial evidence, which is not borne out by the record. It was properly excluded for that reason. *Griffin* v. *State,* 141 Ark. 43; *Jordan* v. *State,* 141 Ark. 504.

Appellants' last insistence for reversal is that the instruction given by the court upon reasonable doubt was erroneous. The instruction is as follows:

"A reasonable doubt, gentlemen, is not an imaginary doubt, or far-fetched doubt, but it is a reasonable doubt growing out of the testimony in the case."

The objection made to it is that it does not include the idea that a reasonable doubt arising from the lack of evidence should be resolved in favor of the defendant. The doubt growing out of the testimony in a case necessarily relates to a lack of testimony as well as to testimony given in the case.

No error appearing, the judgment is affirmed.