378

The People of the State of Illinois, Defendant in Error,
v. Egbert Hudson, Plaintiff in Error.

Gen. No. 8,415.

April term, 1930. Heard in this court at the Opinion filed June 11, 1930.

L. C. Sieberns and W. B. Leach, for plaintiff in error.

Joseph W. De Pew, State's Attorney and Edward Barry, Jr., Assistant State's Attorney, for defendant in error.

Mr. Justice Eldredge delivered the opinion of the court.

Plaintiff in error was convicted under an indictment consisting of one count in which it was charged that he, then and there being armed with a certain revolver, the same being a dangerous and deadly weapon, with said revolver, and without any considerable provocation whatever, and under circumstances showing an abandonment and malignant heart, did, unlawfully, wilfully and maliciously make an assault in and upon one Fred Niergarth, a human being in the peace of the people of the State of Illinois then and there being, with intent then and there to inflict upon the person of the said Niergarth a bodily injury. The verdict of the jury was as follows: "We the jury find the defendant Egbert Hudson guilty of an assault with a deadly weapon, in manner and form as charged in the indictment, and we further find from the evidence that the said defendant is now about the age of fifty-one years." It is contended that the verdict is insufficient in that it does not contain all the elements necessary to constitute the crime. In the case of *Donovan v. People,* 215 Ill. 520, it is held: "Reference may be had to the indictment or the count under which the verdict is found, and where an indictment charges a crime, a general verdict of guilty in manner and form as charged in the indictment is a specific finding of each element of the crime as charged, and is sufficient."

The court held in that case that the verdict was in-
sufficient, the crime involved being an assault with
intent to commit rape, because the verdict only found
the defendant guilty on an intent to commit rape and
omitted any finding in regard to an assault with in-
tent to commit rape. An intent to commit rape is
not a crime unless there is some overt act to carry
out the intent, but no such defect appears in the ver-
dict in the case at bar. There was but one count in the
indictment and the verdict is sufficient.

After the jury had retired to consider their ver-
dict and had been out about 25 hours without coming
to an agreement the court, in the presence of plaintiff
in error and his counsel and the State's Attorney,
directed the sheriff to call the jury into the court room.
Whereupon he asked them if they had been able to
reach a verdict to which the foreman replied that they
had not. The court then asked them whether the
trouble was on the facts or the law or both and the
foreman replied, ''Both.'' The court then asked them
if they had studied the instructions and the foreman
replied that they had. Thereupon the court asked
them if they desired further instructions and counsel
for the plaintiff in error stated that he wanted an ob-
jection noted to each one of these questions. The
foreman answered that he was inclined to think that
with further instructions they might reach a verdict.
The court then directed the jury to retire to the jury
room and indicate in writing on what subject they
desired further instructions. The jury retired and
shortly thereafter again came into the court and pre-
sented a written request as follows: ''Have we any
right to presume from the evidence that anything hap-
pened to enrage the defendant before the trouble on
the sidewalk on that date.'' The court then read to
the jury the following instruction in the presence of
all the parties above noted: ''The court instructs the

jury, that if you believe from the evidence beyond all reasonable doubt that the defendant made an assault upon Fred Niergarth with a deadly weapon at the time and place in question, with an intent to inflict upon the person of the said Niergarth a bodily injury; and if you further believe from the evidence beyond a reasonable doubt, that just prior to the said assault, if any there was, the said Fred Niergarth had not said anything to the defendant, and had done nothing in the presence of the defendant to provoke the defendant, then and in such case you should find the defendant guilty of an assault with a deadly weapon, in manner and form as charged in the indictment." To this instruction plaintiff in error objected on the ground that at that stage of the case the court had no right to instruct the jury and that the instruction submitted to the inquiry of the jury was not in response thereto, and that the effect thereof was to coerce a verdict. No objection was made to the accuracy of the instruction. The jury again retired and subsequently returned a verdict heretofore noted. It is claimed this was error. It has been frequently held that a court may give additional instructions in a criminal case after a jury has retired in the presence of the defendant and his counsel where also an opportunity is given to the defendant to submit further instructions if he so desired. *Crowell v. People,* 190 Ill. 508; *Shaw v. Camp,* 160 Ill. 425; *Lee v. Quirk,* 20 Ill. 392.

The principal errors relied on, however, by plaintiff in error are the court's rulings on the admissions of evidence. Plaintiff in error was asked on his direct examination the following question: "While you were at the State Bank of Gridley did you receive a telephone call?" This question was objected to. Whereupon counsel for plaintiff in error made an offer of proof to the effect that the witness while he was at the State Bank of Gridley received a telephone call

from his wife asking him to come home at once. The court sustained the objection to the question and to the offer. The witness then testified that he went from the bank to Taylor's drug store and that from Taylor's drug store he went to his home. The statement that he went to his home was stricken out over the objection of the State's Attorney. The witness was then asked where he went after he left Taylor's drug store to which an objection was sustained. Counsel then offered to prove by the witness that after he left Taylor's drug store he went to his home in company with Mr. Taylor where he had a conversation with his wife. An objection was sustained to the offer. He was then asked this question, "During the time you were gone did you have a conversation with anybody?" to which objection was also sustained. Then the following offer of proof was made: "I offer to prove by the witness now on the stand that he left Taylor's drug store in company with Mr. Taylor in response to a telephone message that he had received from his wife, and went to his home approximately three and a half blocks from Taylor's drug store; that when he got home he found his wife very much excited and she told him that the complaining witness, Fred Niergarth, had been there and demanded to know where Pansy was; that his wife told him that she did not know where Pansy was; that thereupon the complaining witness, Fred Niergarth, told her that she 'was a God damned liar' and that he 'would get both of them'; that the defendant immediately left the home and went back to the business district of Gridley to the place where the alleged assault occurred, and that the time that he was gone from Taylor's drug store up until he had the conversation with his wife and returned, did not exceed five minutes." All these facts sought to be proved took place prior to the assault in question. A wife of a defendant in a criminal

case is an incompetent witness for any purpose unless she is the one on whom the wrong has been committed by the defendant nor can anything that she may have said be testified to by another witness. In *People v. Jordan,* 292 Ill. 514, where evidence was sought to be introduced of certain statements made by the wife of the defendant it was held: ''The fatal objection to this evidence is that it brought before the jury a statement of a witness who was not competent to testify to the fact and in defiance of an express statutory provision.'' The same rule is announced in the civil case of *Schreffler v. Chase,* 245 Ill. 395. There was no error in the rulings of the court on the exclusion of this evidence. Neither was there any error in refusing to permit the wife of plaintiff in error to testify.

There was no reversible error in the instructions of the court and as the assault itself was admitted by the plaintiff in error and otherwise abundantly proved, the judgment of the circuit court is affirmed.

*Affirmed.*