## Commonwealth *v.* Evancho, Appellant.

226

Argued November 11, 1953.  Before RHODES, P. J.,
HIRT, RENO, ROSS, GUNTHER, WRIGHT and WOODSIDE,
JJ.

A. H. *Rosenberg,* with him *Rosenberg & Rosenberg,* for appellants.

*Albert A. Fiok,* Assistant District Attorney, with him *James F. Malone, Jr.,* District Attorney and *Leonard C. Staisey,* Assistant District Attorney, for appellee.

OPINION BY WOODSIDE, J., March 16, 1954:

This comes before us on appeal from the lower court's refusal to grant a new trial to the appellants who were found guilty by a jury of robbery and assault and battery.

The pertinent facts established by the Commonwealth's testimony disclose that on the evening of December 24, 1951, at about 8 o'clock, John Revtai visited a tavern owned by Frank Magnelli, who that evening introduced him to the defendants. After drinking together the defendant Charles Evancho said he felt ill and asked Revtai to take him home, whereupon Revtai, Evancho and John Fela, the other defendant, left in Revtai's truck. Revtai was directed by one of the defendants to a field in the rear of an apartment house. As Revtai was getting out of the truck he was struck on the head with a blunt instrument and then severely beaten and robbed. The items stolen from his person were his wallet and contents, approximately $180 in cash, a twenty dollar check, a packet of matches from the Globe Lounge, a Calvert whiskey emblem and a piece of soapstone, or plumber's chalk. Revtai, upon regaining consciousness, returned to Magnelli's taproom and told him of having been beaten and robbed, whereupon Magnelli called the police.

The defendants were arrested later that evening and identified by Revtai. Upon being brought to the police station the two defendants were searched and the following objects were found on the person of the defendant Fela: a long handled screw driver, a packet of matches from the Globe Lounge, a Calvert whiskey emblem design, a piece of soapstone or plumber's chalk, $42 in his wallet, $52 in bills crumpled in his pocket and $6 in change. Evancho had nothing in his pockets when searched.

The defendants offered in their own defense an alibi. Fela said he was not in Frank's Tavern on the night in question and stated that he never saw the prosecutor before he was arrested. Evancho said he went to Frank's Tavern on the night in question about 6 o'clock and was there until about 8 o'clock. While there he met the prosecutor for the first time. A round of drinks ensued after which he said he left and went home, later going to the P. & L. E. Restaurant where he met Fela sometime around 11 o'clock P.M. After that the police of McKees Rocks came and arrested them and turned them over to the Stowe Township police who searched them and removed from them the above mentioned articles. They denied any knowledge of the crime and further testified to having been beaten by the police officers. After conviction and sentence these appeals were taken.

The appellants raised a number of objections to the trial court's charge and rulings on evidence. None has merit. The errors, if any, were harmless.

Revtai, a plumbing contractor, testified he had $180 with him when he was robbed, having received $140 of it that day in payment for opening a sewer. Defense counsel cross-examined him as to whether he kept records of money received. After receiving testimony that he did keep such records, the Court refused to allow defense counsel to pursue this examination further.

This is assigned as error. Under the circumstances of this case it became the Court's duty to refuse to permit lengthy examination concerning the records of the witness on payments made to him. Where to stop cross examination on the subject was within the sound discretion of the Court and the Court will not be reversed in the absence of an abuse thereof. See *Commonwealth v. Woods*, 366 Pa. 618, 79 A. 2d 408 (1951).

The defendants claim to have been beaten by the police. An attorney who represented them at the hearing in the police station was called by the Commonwealth and testified he did not observe any bruises or marks on them at the time. The defense counsel offered to prove by a defense witness that after testifying the attorney said that he did not remember anything about the defendants' condition and could not say positively whether they had marks or not. Considering that there was no confession, the treatment of the defendants by the officers has little, if anything, to do with their guilt. The trial was off on a tangent here, and the learned trial judge properly refused to admit the proferred testimony.

Defense counsel objects to the Court's refusal to charge in detail concerning some of the defendants' evidence. In his charge the judge is not required to review in detail the testimony of the defendant or his witnesses, nor pick out for emphasis that believed by defense counsel to be advantageous to his client. In his charge the learned trial judge adequately and fairly reviewed the defendants' evidence.

The trial judge charged on reasonable doubt as follows:

"You ask what is a reasonable doubt? A reasonable doubt is a doubt that would grow out of the evidence produced in this case; a doubt that would cause reasonable men and women, while considering a matter of importance to themselves, to pause and to hesi-

tate, and to consider before acting. It does not mean that the Commonwealth is required to prove these two defendants guilty of the crime charged beyond an impossibility.

"In this case, as in all cases, the burden is on the Commonwealth from the beginning to the conclusion of the case. And it must, before you would be warranted in finding these defendants guilty, have convinced you of their guilt beyond a reasonable doubt; otherwise, it would be your duty to find the defendants not guilty."

In a number of jurisdictions it has been held that the jury should be instructed that " a reasonable doubt may arise not only from the evidence introduced, but from lack of evidence."[1]

Pennsylvania has never required this form of charge.

In *Commonwealth v. Striepeke*, 32 Pa. Superior Ct. 82 (1906) the error assigned was the court's refusal

---

[1] See *State v. King*, 232 Iowa 16, 4 N.W. 2d 244 (1942) ; *People v. Bartnett*, 15 Cal. App. 89, 113 P. 879 (1910) ; *Knight v. State*, 23 Ala. App. 582, 129 So. 478 (1930) ; *People v. Jordan*, 292 Ill. 514, 127 N.E. 117 (1920) ; *State v. Herwitz*, 109 Wash. 153, 186 P. 290 (1919) ; *Howell v. State*, 98 Miss. 439, 53 So. 954 (1911) ; *State v. Andrews*, 77 N.J.L. 108, 71 A. 109 (1908) Contra see *Whitesides v. State*, 42 Tex. C.R. 151, 58 S.W. 1016 (1900).

It has frequently been held that instructions are not erroneous merely for failure to state in express terms that reasonable doubt may arise from lack of evidence. *Brooks v. State*, 52 So. 2d 616, 620 (1951), cert. denied 342 U. S. 863, 72 S. Ct. 114, 96 L. Ed. 649 ; *People v. Radcliffe*, 232 N. Y. 249, 133 N.E. 577, 578 (1921) ; *Cliff v. People*, 84 Col. 254, 269 P. 907, 912 (1928) ; *State v. Wilson*, 108 Kans. 433, 195 P. 618, 619 (1921) ; *Mulligan v. State*, 18 Ga. App. 464, 89 S.E. 541, 543 (1916) ; *State v. Gardiner*, 205 Iowa 30, 215 N.W. 758, 760 (1927) ; *Allgood v. State*, 173 Miss. 27, 161 So. 756, 758 (1935) ; *State v. Mardino*, 268 S.W. 48, 51 (1924) ; *Witt v. State*, 123 Neb. 799, 244 N.W. 395, 397 (1932) ; *Williams v. State*, 159 Ark. 170, 251 S.W. 370, 371 (1923).

to affirm a point stating, " 'A reasonable doubt may arise in a cause without springing from the evidence. It may arise from the lack of evidence, or it may arise from any cause operating to produce a doubt in the minds of the jurors; . . .' "

Judge ORLADY in holding that the assignment was without merit said:

" 'The commonwealth must make out a case which convinces the jury of the guilt of the defendant, and the various elements of it, and all of them, so that there is no reasonable doubt left in the minds of the jury that the commonwealth's case is made out. The duty of the jury, therefore, is to take all the evidence they have heard, both of the commonwealth and the defendant, and apply it to their own common sense, their knowledge of human affairs, and to make up their minds whether or not they are convinced, they are sure, and there is no reasonable doubt that the defendant is guilty. If they are so convinced, then it is their duty to find him guilty; and if not so convinced, then it is their duty to find him not guilty.' "

There is very little difference between saying, "if the evidence produced on the part of the Commonwealth does not of itself convince the jury that the defendants are guilty beyond a reasonable doubt they should acquit," as was done and saying, "A reasonable doubt may arise not only from the evidence but it may arise from a want of evidence or a failure to produce evidence that the prosecution could produce," as was requested. If the jury is not convinced beyond a reasonable doubt from the evidence produced does this reasonable doubt not arise from the want of sufficient credible evidence? We accordingly find no reversible error in the refusal to charge on reasonable doubt as requested.

The Commonwealth offered in evidence the record of six cases each of which evidenced the conviction of

the defendant John Fela of a charge of felony. This was introduced solely for the purpose of attacking and impeaching the credibility of Fela after he had testified. Appellants are not objecting to the admission of the evidence, but to the failure of the Court in its charge to call the jury's attention to the limited purpose for which it was intended. In its opinion the court refers to this as an oversight. At the end of the charge the Court gave counsel an opportunity to suggest additional charge or corrections in the charge, and although a number of suggestions were made this matter was not called to the court's attention.

At the bar of our Court defense counsel, with credible frankness, admitted that he had thought of this omission but had elected to ignore it in order not to have his client's criminal record again called to the jury's attention. If there could be any doubt that the failure of the court to charge on this point did the defendant no harm, the experienced trial counsel's decision not to call the oversight to the attention of the Court should settle this conclusively.

At the time of the admission of the evidence the limited purpose of the admission was made clear to the jury. When the record was offered the District Attorney said in the presence of the jury: "The Commonwealth offers into evidence solely for the purpose of attacking and impeaching the credibility of the defendant John Fela, the following record." Defense counsel objected and the court then ruled "for the purpose stated by the Commonwealth the objection is overruled and the clerk will read into the record as stated, solely for the purpose of attacking the credibility of the one witness, John Fela."

The oversight in the charge would be serious had not the limited purpose for which the evidence was to be used been made clear to the jury at the time of the

admission. *Commonwealth v. Dorst,* 285 Pa. 232, 240, 132 A. 168 (1926).

However, it is clear that the jury was adequately informed as to the part the evidence played. If further instructions were desired, they should have been requested.

The defendants were fairly tried and properly convicted of a brutal crime of which the evidence clearly shows they were guilty.

The judgments and sentences are affirmed; and it is ordered that appellant, John Fela appear in the Court below at such time as he may be there called and that he be committed by that Court until he has complied with his sentence or any part thereof which had not been served at the time his appeal was made a supersedeas.