Commonwealth *v.* Leitch, Appellant.

Argued November 20, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Roy T. Clunk,* with him *I. Elmer Ecker* and *William J. LeWinter,* for appellant.

*William Claney Smith,* Assistant District Attorney, with him *Edward C. Fagan,* Assistant District Attorney, and *Edward C. Boyle,* District Attorney, for appellee.

OPINION BY ERVIN, J., January 21, 1958:

The appellant, Irvine K. Leitch, was indicted on three separate indictments charging subornation of

perjury and on one indictment containing three counts charging attempted subornation of perjury. A jury found him guilty of the three indictments charging subornation of perjury and guilty of the first and third counts of the indictment charging attempted subornation of perjury. A demurrer was sustained as to the second count of this indictment. After motions in arrest of judgment and for a new trial were dismissed, he was sentenced to a term of imprisonment under the first indictment and was given concurrent sentences under the other indictment. Defendant appealed.

All of the charges arose out of a trial involving a series of larcenies and burglaries for which the defendant had been indicted with two others. The witnesses in that case included the co-defendants and four juveniles. These witnesses had made prior statements to the police in which they implicated the appellant but at the time of trial before Judge SAMUEL WEISS they exonerated him. The evidence revealed that between the time of the arrests and the time of trial, all of the boys were contacted by appellant with the request that they change their stories to the effect that appellant was not present and did not participate in any of the burglaries. Because of the requests, Conti, Istenes and Cover did change their stories when they appeared as witnesses at the trial before Judge WEISS. They testified that they took part in the various burglaries but appellant was not present or involved in any of them. As a result Conti and Istenes were found guilty as charged but appellant was acquitted on all charges. In the present trial Conti, Istenes and Cover admitted committing perjury at the original trial and testified that it was instigated by the appellant. The two remaining witnesses, Demko and Chetoka, testified that the appellant approached them and attempted to persuade them to perjure their testimony. Chetoka agreed

to do so but Demko said he did not. Conti testified that he was present at different times when Chetoka, Istenes, Demko and Cover were asked by the appellant to change their story and he further testified that "It seemed to me everybody was going along with it."

Appellant first argues that the court below erred in refusing a severance of the three indictments charging separate offenses of subornation of perjury and the indictment containing three counts charging separate offenses of attempted subornation of perjury. There is no merit in this contention. The consolidation for trial of indictments charging separate and distinct offenses is largely a matter within the sound discretion of the trial judge and where the indictments are closely related his exercise of discretion will not be reversed unless it is clearly shown that an appellant has been prejudiced thereby: *Com. v. Russo,* 177 Pa. Superior Ct. 470, 478, 111 A. 2d 359. In the present case the consolidation was especially appropriate because the proofs followed the same pattern and were interrelated. The original burglaries and larcenies involved the appellant and some or all of the other boys. All were apprehended by the police at approximately the same time. All, with the exception of the appellant, gave written statements to the police admitting their participation and involving the appellant. All were charged and on trial at the same time for these original burglaries and larcenies before Judge WEISS. At that trial all of the boys stated that the appellant was not present when the burglaries and larcenies were committed. All of the boys admitted that between the time when they gave their statements and the time of the original trial, they were approached by appellant and requested to change their story. Three of the boys admitted changing their story at the first trial and the other two admitted that they had been requested

to do so. Some of the boys admitted being present when the appellant requested the others to change their story. Conti testified that it seemed to him that all of the boys agreed to change their story. From this summary it is apparent that these indictments are closely related and showed a general course of conduct pursued by appellant, all tending to the same general end. No matters were presented to the jury in which the appellant was not directly charged. *Com. v. Quinn,* 144 Pa. Superior Ct. 400, 404, 405, 19 A. 2d 526. The conduct of the appellant in contacting all of the boys was admissible to show that the acts were intentional and not accidental, as well as to prove motive and a common plan, scheme or purpose.

It is also contended that the evidence was not sufficient to sustain the convictions. We have hereinbefore referred to some of the evidence. Conti, Istenes and Cover admitted that they changed their story at the original trial and exonerated the appellant because he had asked them to change their story. Appellant threatened to bring Conti's brother into it if he did not comply with the request to change his story. In *Com. v. Billingsley,* 160 Pa. Superior Ct. 140, 143, 144, 50 A. 2d 703 (affirmed 357 Pa. 378, 54 A. 2d 705), Judge ARNOLD, now Justice ARNOLD, said: "But the *crime* of perjury has a number of elements: (a) An oath to tell the truth must be taken by the accused, and (b) administered by legal authority, (c) in a judicial proceeding (or statutory affidavit). (d) The accused must have testified in such proceeding, and (e) his testimony must be material to the judicial proceeding. (f) The testimony assigned as perjury must be false, and (g) must be given wilfully, and corruptly, and with knowledge of its falsity (or given recklessly), and for the purpose of having it believed. . . .

"Subornation of perjury consists of all the elements enumerated in the crime of perjury (committed by the witness alleged to be suborned), and one additional element: that the accused induced, persuaded and instigated the suborned witness to commit the crime of perjury. This additional fact (procurement of the witness) does not require proof by more than one witness: State v. Ruskin (Ohio), 159 N.E. 568.

"The attempt to suborn a prospective witness to commit perjury (the instant indictment) is a common law crime separate and distinct from subornation of perjury. Appellant is correct in stating that in subornation of perjury there must be proof of actual perjury committed by the suborned witness. But as to attempts to suborn one to commit perjury it is unnecessary that the person suborned did testify falsely, or indeed did testify at all. The offense is made out whenever the accused instigates and procures the agreement of the prospective witness to testify falsely. This is true even if thereafter the prospective witness fails to go through with the bargain and refuses to give evidence. It is, of course, a necessary element of the crime that both the accused and the person to be suborned knew that the testimony sought was false, material, and to be used in actual or prospective litigation: . . . ." The two-witness rule as to the truth of perjury prevails in Pennsylvania: *Com. v. Gore,* 171 Pa. Superior Ct. 8, 90 A. 2d 405. The purpose of the rule is to protect one from a conviction of perjury upon the testimony of a single witness. Where the perjurer admits his guilt, the reason for the rule ceases to exist. In the present case there are at least five witnesses who testified that they committed perjury at the first trial when they exonerated appellant. There is an abundance of evidence in the present record, not only to show that a number of these boys committed

perjury but also to show that they were induced, persuaded and instigated by the appellant to do so. Not only did the boys testify that they had been asked by Leitch to change their story but Mrs. Conti testified that on a number of occasions she had heard Leitch ask her son to change his story. Appellant's counsel, in cross-examining Mrs. Conti, asked her: "Q. Did you ever talk to your son about why he put Leitch's name in the statement? . . . . A. He put Irvine Leitch's name into it because he always told me that Irvine Leitch was the ringleader of this bunch of teen-age boys." There is also adequate evidence to prove that the appellant attempted to procure an agreement of two of the boys to testify falsely. Even though they failed to carry out the agreement, the offense was made out upon the procurement of the agreement.

At the conclusion of the charge the appellant requested the court to charge as follows: "The other thing, Your Honor, I would like to have Your Honor charge the jury on the question of the falsity of the testimony before Judge WEISS of the Commonwealth's witnesses to this extent that if they believe the story that the witnesses told the Judge plus the story of Mrs. Conti, that they put the name of Leitch in because of the urging of Mr. Taylor, the chief of police, then when they testified before Judge WEISS and said that Leitch was not there they were not committing perjury, that they put the name in because of what Chief Taylor told them to do which was corroborated by Mrs. Conti and therefore if they put the name in for that reason then when they said that Leitch was not there and that they put him in because of that testimony they would not be committing perjury, but telling what was presumably the truth." The court below properly refused the above request because the judge was not obliged to review in detail the testimony of the defend-

ant or his witnesses nor pick out for emphasis that believed by defense counsel to be advantageous to his client. Refusal of this point by the court below was in the exercise of a sound discretion: *Com. v. Evancho,* 175 Pa. Superior Ct. 225, 103 A. 2d 289; *Com. v. Walker,* 178 Pa. Superior Ct. 522, 116 A. 2d 230. Furthermore, in reviewing the testimony of Mrs. Conti, the court said: "Now, under cross examination she said she heard her son tell Judge WEISS that Leitch's name was in the case because Taylor told them if they put Leitch's name in he wouldn't be punished." Mrs. Conti had also testified that the boys had put Leitch's name in the case when they were first arrested and therefore they could not have done it because of Taylor's later request. This last testimony was not called to the jury's attention by the court and for this reason the defendant got a more favorable charge than he was really entitled to.

The court below was also requested to charge that some of the witnesses for the Commonwealth had admitted perjuring themselves and that, therefore, they were accomplices and their testimony should be received with extreme caution. The refusal to so charge was not error. While the suborner and the subornee are accomplices as to the actual perjury, they are not accomplices as to the procurement or suborning of the witness to commit perjury because the suborner cannot be guilty of suborning himself: *Com. v. Billingsley,* supra, at pages 145, 146. Even though a witness admits that he has committed perjury, he is not disqualified as a witness in the trial of others: *Com. v. Lewandowski,* 74 Pa. Superior Ct. 512, 515. See also *Com. v. Olitsky,* 184 Pa. Superior Ct. 144, 151, 133 A. 2d 238.

We have carefully reviewed the testimony and the court's charge in this case and are convinced that the

defendant received a fair trial and one free from error. He was represented by able counsel, who did everything possible in his defense, but the jury decided the question of credibility against him.

Judgment of sentence is affirmed and the defendant is directed to appear in the court below at such time as he may there be called and that he be by that court committed until he has complied with his sentence or any part of it which had not been performed at the time the appeal was made a supersedeas.