## Commonwealth v. Mervin

*William H. Lamb*, for Commonwealth.
*Malcolm W. Berkowitz*, for defendant.

WAJERT, J., May 11, 1973.—Defendant was found guilty by a jury on four counts of a bill of indictment charging subornation of perjury and one count of a bill of indictment charging him with conspiracy. Verdicts of not guilty were returned by the jury on other counts charging perjury and subornation of perjury.

Motions in arrest of judgment and for a new trial were timely filed. Argument was heard before the court en banc.

Defendant asserts 19 reasons in support of his motion for a new trial.

I. Defendant alleges the court erred in charging the jury that the "two-witness rule" does not apply to proof of the charges of subornation of perjury. The trial judge carefully charged the jury as to each of the elements of perjury and explained the two-witness rule as it is applied in Pennsylvania setting forth to the jury that the falsity element of a perjury conviction must be supported either by the direct testimony of two witnesses or by the direct testimony of one witness plus corroborating evidence: Commonwealth v. Field, 223 Pa. Superior Ct. 258 (1972). The court then went on and charged the jury that to sustain the charge of subornation of perjury there must be proof of actual perjury committed by the suborned witness, proof of all of the elements enumerated in the crime of perjury, committed by the witness alleged to be suborned, and one additional element; that the accused induced, persuaded and instigated the suborned witness to commit the crime of perjury. This additional fact, procurement of the witness, does not require proof by more than one witness: Commonwealth v. Billingsley, 160 Pa. Superior Ct. 140 (1947); Commonwealth v. Rossi, 170 Pa. Superior Ct. 292 (1952); Commonwealth v. Leitch, 185 Pa. Superior Ct. 261 (1958). The trial judge correctly instructed the jury.

Nor do we find merit in defendant's contention that the rule should be changed. In 7 Wigmore (3d ed.) §2042, it is stated that the rule should not apply necessarily to a charge of subornation of perjury, because the act of subornation does not involve the theory of oath against oath, and the perjury may be evidenced

by the perjured witness himself, whose present testimony is thus not opposed to the testimony for the prosecution. We believe that to be sound rationale for the rule.

II. Defendant next alleges the court erred in not permitting defense counsel adequate time to prepare his summation to the jury. The record does not agree with this contention. On four prior occasions during the trial, the court instructed counsel to be prepared to present their arguments to the jury at the conclusion of testimony. At the conclusion of the testimony on the evening prior to the last day when testimony was offered, the court specifically instructed counsel in chambers to prepare their arguments. In addition, the court recessed for 45 minutes after the completion of the testimony to enable counsel further opportunity to prepare and present his closing argument to the jury. The conduct of closing arguments was in accordance with Pennsylvania Rule of Criminal Procedure 1116.

" 'The constitutional right to be heard by counsel carries with it the right to have arguments of counsel considered by the jury in passing upon the evidence' ": Commonwealth v. Brown, 309 Pa. 515 (1933). The trial judge properly instructed the jury as to their duty with regard to the arguments of counsel. The court may regulate the manner and time for the exercise of the right to be heard by counsel, and may limit the number and length of the addresses to be made to the jury: Commonwealth v. Polichinus, 229 Pa. 311 (1910). No time limitation was imposed. Defendant's counsel addressed the jury in excess of 90 minutes. There was no deprivation of abridgment of defendant's right.

III. Defendant asserts next that the district attorney failed to inform the jury and defense counsel of the existence of evidence which would tend to negate the guilt of the accused, to mitigate the degree of the of-

fense or to reduce the punishment therefor, relying on Commonwealth v. Stewart, 449 Pa. 50 (1972) and Commonwealth v. Morris, 444 Pa. 364 (1971). Although the exact nature of the evidence is not set forth in the reason alleged in the motion filed in this matter, defendant's brief refers to evidence obtained from Dr. Wert's office, one of the persons alleged in the charges as having perjured himself at defendant's request. Suffice it to say that defendant was found not guilty of that count of the indictment alleging suborning Dr. Wert to commit perjury and the count of the indictment charging defendant with the crime of perjury. Further, Dr. Wert testified as a defense witness and testified as to the contents of the letter which defendant alleges is in the possession of the district attorney. Defendant was well aware of the existence of the letter in question, he himself having requested Dr. Wert to write it. Dr. Wert testified as to its contents and the jury considered it favorably as the verdicts evidence.

IV. Defendant further avers that the indictments were defective. Defendant timely filed a pretrial application to quash the indictments. Defendant did not raise the precise issue raised now in that pretrial application. Pennsylvania Rule of Criminal Procedure 304(e) provides:

"All grounds for the relief demanded shall be stated in the application and failure to state a ground shall constitute a waiver thereof."

Aside from the issue of waiver, the jury having returned a verdict of not guilty as to the charge of perjury, the issue raised as to the specificity of the assignment of perjury is moot. As to those counts of which defendant was found guilty, we find no merit in defendant's contention. Those charges as set forth in the bill of indictment comply with the requirements of the

rules and validly set forth with sufficient specificity the required information.

V. Defendant next avers that error was committed by virtue of the refusal of the court to grant a continuance and a change of venue. With reference to the continuance, two matters need to be discussed. The court may, in the interests of justice, grant a continuance of its own motion, or on the application of either party. Defendant had ample notice of the date of trial and no valid reason has been advanced in support of the untimely motion which was filed: Pa. R. Crim. P. 301(a) and (b). Defendant now complains that he was involved in a lengthy matter before the United States District Court for the Eastern District of Pennsylvania until the Friday evening preceding the date of trial. Those proceedings were initiated by defendant and that court denied his complaint: John A. Mervin v. William H. Lamb et al., Civil Action No. 72-2358, U. S. District Court, E. D. Pa. (1972). To now assert as grounds for a continuance, his involvement in that proceeding which he initiated has no merit. Ample opportunity had been afforded defendant to prepare his defense, an excellent defense was presented, and, indeed, the litigation in the Federal court was likewise well presented. We find no basis in law for granting a new trial because of the refusal to grant a continuance.

As to the refusal of the court to grant the requested change of venue, again, the application for pretrial relief was not filed until the morning of the first day of the scheduled hearing, Monday, December 4, 1972. In his application, defendant averred that:

"2. Because of the tremendous volume of prejudicial pretrial publicity in his case, including newspaper articles concerning his indictment on charges of perjury and sodomy, appearing November 30, 1972, it will be impossible for defendant to receive a fair trial

if his case should proceed to trial on the above captioned bills of indictment as presently listed.

"3. Defendant had no prior opportunity to make this Application."

The trial judge held a hearing on the application. At that hearing, defendant offered evidence, which was admitted, of the newspaper article which appeared on November 30, 1972, and is a part of the record. No other credible evidence of the nature and quantity of the publicity was offered. In spite of this, the court entered an order which substantially conforms to those rules subsequently announced by the Pennsylvania Supreme Court: Commonwealth v. Alan D. Pierce, 451 Pa. 190 (1973). We find no error in the court's ruling.

VI. Defendant next raises the issue of the refusal of the court to furnish defendant with a free copy of the notes of testimony both of the pretrial proceedings and the trial proceedings. Initially, in this regard, defendant did not proceed in forma pauperis pursuant to Pa. R. Crim. P. 1600, et seq. Evidence was presented in support of the application and the court, after hearing, denied the request. In his lengthy motions for a new trial and in arrest of judgment, only one averment contained in paragraph 10 of the motions deals with alleged errors in the charge of the court. Other alleged trial errors advanced in support of the motions filed by defendant deal with refusal of the court to delay the trial to afford the defendant opportunity to subpoena certain records of the Lancaster County Prison and the Department of Transportation, and the other reasons advanced with reference to the pretrial applications.

The manner of the presentation of the evidence by the prosecuting attorney followed a format of presenting the prior testimony of the alleged suborned witness, calling that witness to testify and the witness then testifying as to the falsity of his prior testimony and

the reasons why he testified falsely. Very few objections were raised throughout the trial. Defendant did have a copy of the transcript of the testimony of the prior trial. Based on the testimony presented at the hearing held on the request for the free copy of the trial transcript and the reasons advanced in support of the post trial motions, the court denied the request. Defendant has been represented throughout his various trials by the same capable and conscientious private counsel.

The testimony further revealed that defendant has been gainfully employed periodically and has no physical handicap that would prevent his employment. The testimony further revealed that defendant purchased an automobile in April 1971. Although defendant testified that the transcript would cost approximately $900, defendant has in his possession a complete trial transcript of the proceedings where the alleged perjured testimony was given, which was, in part, read into the record of the case at bar, which would substantially reduce the cost of the notes of testimony in this matter. After hearing on this application, the court found defendant able to pay for such additional notes.

VII. Defendant alleges error in the court denying to issue a subpoena duces tecum to the Department of Transportation. Suffice it to say that certified copies of the records requested of the Department of Transportation could have been obtained and were not.

In the same manner, the records of commitment of defendant in Lancaster County were readily available to defendant had he timely requested them. Further, with reference to these requests as well as the question of other unnamed witnesses not being called by the Commonwealth, the Commonwealth is not to offer as part of its own case all evidence in its possession. Where the defendant's attorney is aware that the Com-

monwealth has the questioned evidence and chooses not to require its production as a part of the defendant's case, the Commonwealth's failure to use it is not error and is not prejudicial to defendant. See Commonwealth v. Osborne, 433 Pa. 297, 249 A. 2d 330 (1969) and Commonwealth v. Amos, 445 Pa. 297 (1971). Numerous witnesses were called by the defense. What additional witnesses desired have not been named. No request, other than referred to herein, was presented by defendant to procure any witnesses. Certainly, defendant was aware of any evidence or witnesses who testified in the prior proceeding and he could have called them to testify.

With reference to those allegations concerning the pretrial application, suffice it to say that in a carefully and articulate manner those matters presented were covered in the opinion and order filed and to the extent required, said opinion is adopted herein.

Finally, defendant's motion for a new trial sets forth as reasons that the verdict is contrary to the evidence, the weight of the evidence and contrary to the law. These same reasons are set forth to support his motion in arrest of judgment.

The motion in arrest of judgment is refused, since a consideration of the entire record discloses evidence sufficient to sustain the guilty verdicts.

In view of the jury's verdict, the evidence must be read in a light most favorable to the Commonwealth, and the Commonwealth is entitled to every reasonable inference arising from that evidence: Commonwealth v. Shorter, 434 Pa. 160 (1969). " ' [T]he test for the sufficiency of evidence—irrespective of whether it is direct or circumstantial, or both—is whether, accepting as true all the evidence and all reasonable inferences therefrom, upon which, if believed, the jury could prop-

erly have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty' ": Commonwealth v. Rankin, 441 Pa. 401 (1971).

Having reviewed the record in this case and having considered the reasons advanced in support of the motions, this court is of the opinion that both motions should be denied.

### ORDER

And now, May 11, 1973, the motions in arrest of judgment and for a new trial are hereby denied and dismissed. Defendant shall appear for sentencing at a time to be set by the District Attorney of Chester County and upon notice to defendant and his counsel.