## Commonwealth ex rel. Estelle, Appellant, *v.* Cavell.

Argued November 13, 1959. Before HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (RHODES, P. J., absent).

*Marjorie Hanson Matson*, with her *Louis C. Glasso*, for appellant.

*John K. Best*, First Assistant District Attorney, with him *Richard E. McCormick*, District Attorney, for appellee.

OPINION BY WRIGHT, J., December 17, 1959:

Acie Estelle has appealed from an order of the Court of Common Pleas of Westmoreland County dismissing, after hearing, his petition for a writ of habeas corpus. The factual and procedural background is set forth in the following excerpt from the opinion below:

"The petitioner and one, Alfred Earley, were implicated in two crimes. They were indicted for burglary and larceny and receiving stolen property from a garage located at Avonmore, Westmoreland County, Pennsylvania, at No. 212 May Term, 1952, and for burglary of the State Liquor Store at Avonmore, Westmoreland County, Pennsylvania at No. 212a May Term, 1952.

"The petitioner was represented by counsel and was duly convicted in both indictments, and a motion for a new trial was filed and subsequently refused by the court en banc of Westmoreland County.

"The petitioner was sentenced at No. 212 May Term, 1952, to a term of not less than ten years or more than twenty years in the Western State Penitentiary, and at No. 212a May Term, 1952, petitioner was sentenced to a period of not less than five years or more than ten years in the Western State Penitentiary. This sentence to run consecutively with the sentence imposed at No. 212 May Term, 1952. The Court within term time changed the sentence at No. 212a May Term, 1952, so as to make the sentence run concurrently with the one imposed at No. 212 May Term, 1952, thereby reducing the total sentence to ten to twenty years in the penitentiary.

"The petitioner previously filed for a writ of habeas corpus in the Court of Common Pleas of Westmoreland County at No. 595 July Term, 1955, alleging that false testimony was given against him by the accomplice, Alfred Earley. This petition was not accompanied by an affidavit of Alfred Earley to that effect, and this petition was dismissed as being without merit. In

1957, the petitioner attempted to have his sentence changed because of an alleged error. This matter was dismissed . . .

"This petition being accompanied by an affidavit made by the accomplice Alfred Earley, asserting that his (Earley's) testimony offered at the trial was false and untrue and that the petitioner, Acie Estelle, was not with him when he committed the crimes in question, a hearing was granted on the petition to determine the truth or falsity of Earley's statement. This hearing was confined to this one issue, namely, whether or not Alfred Earley testified falsely at the trial of the case at the time the petitioner was convicted. At the hearing on the petition, Alfred Earley testified that his testimony at the trial of the petitioner which implicated the petitioner as an accomplice in the indictments at No. 212 May Term, 1952, and 212a May Term, 1952, was in effect a lie. He stated that he implicated the petitioner in reliance on an alleged promise being made to him that if he cooperated with the Court some leniency would be shown. He further stated that he would have implicated his mother if it would serve to reduce his sentence. In a series of letters written by the witness, Earley, to the late Judge BAUER, and the District Attorney's Office, he stated he was promised nothing for testifying against the petitioner at his trial, and he told the truth then.

"When Earley pleaded guilty to the charges against him at Nos. 212 and 212a May Term, 1952, he told the Court that the petitioner, Acie Estelle, was not involved in the crime with which he, Earley, was charged. Two days later, at the trial of Acie Estelle, Earley testified that the petitioner was involved in the crime and was in fact his accomplice. He said that he was telling the truth then as he was under oath and he was not under oath at the time of his plea of guilty and that was the reason he did not implicate the petitioner when

his plea was heard. At the hearing on the present petition for a writ of habeas corpus, Earley states that the petitioner was not involved in the crime for which he is now serving sentence".

An examination of the original record will disclose that the burglaries occurred on March 20, 1952, on which date Earley was apprehended. At that time he implicated Estelle. On the date of his plea of guilty, May 20, 1952, Earley exculpated Estelle. However, at Estelle's trial on May 22, 1952, Earley again implicated Estelle. At that trial Estelle was represented by competent counsel, who cross-examined Earley as to the conflict in his statements. In his charge the trial judge pointed out that Earley's testimony should be received with great caution as coming from a corrupt source. He submitted to the jury the question of Earley's credibility, specifically referring to Earley's possible motive in changing his testimony. It is clear that Estelle received an eminently fair trial.

Appellant's present counsel contends that the refusal of the writ by the court below was a denial of due process. It is argued that appellant was convicted on the basis of the substantially uncorroborated testimony of an accomplice who now asserts that his testimony at the trial was false. In support of this argument appellant cites *Mooney v. Holohan,* 294 U. S. 103, 55 S. Ct. 340; *Pyle v. Kansas,* 317 U. S. 213, 63 S. Ct. 177, and *Napue v. Illinois,* 360 U. S. 264, 79 S. Ct. 1173, which involved convictions secured by perjured testimony knowingly used. However, this was not the situation in the case at bar. Based on the testimony taken before the court on March 28, 1958, the hearing judge made five findings of fact which are set forth in the footnote.[1] These findings of fact, which an examina-

---

[1] "1. There was no collusion or conspiracy between the District Attorney or any of his assistants and the State Police to improper-

tion of the record reveals are amply supported by the evidence, negative the contention that there was knowing use of perjured testimony at Estelle's trial. We note in particular several letters written by Earley after his conviction, in which it is asserted that he told the truth at the trial, and that his exculpatory statement at the time of his plea of guilty was made because he feared Estelle.

We have held that a new trial should be granted where there is incontrovertible evidence adduced that the verdict was rendered by reason of perjured testimony: *Commonwealth v. Krick,* 164 Pa. Superior Ct. 516, 67 A. 2d 746. However, this rule does not apply if there is doubt as to the falsity of the testimony: *Commonwealth v. Coroniti,* 170 Pa. Superior Ct. 245, 85 A. 2d 673. And see *Commonwealth v. Saunders,* 386 Pa. 149, 125 A. 2d 442. "It is a matter of general knowledge that partners in crime are likely when apprehended to cast the chief blame on each other. It is also equally well known that partners in crime sometimes do tell the truth as to the commission of the crime": *Commonwealth v. Bubna,* 357 Pa. 51, 53 A. 2d 104. Affidavits made by Commonwealth witnesses recanting their testimony given at trial are exceedingly unreliable, and it is the court's duty to deny relief where it is not satisfied that the recantation is true, especially where it involves an admission of perjury: *Commonwealth v. Ruff,* 92 Pa. Superior Ct. 530; *Com-*

---

ly convict the petitioner. 2. At the time the petitioner was tried the witness Alfred Earley told the truth. 3. At the time of the hearing on this writ of habeas corpus Alfred Earley offered perjured testimony to the effect that the petitioner, Acie Estelle, was not with him at the time of the commission of the crimes. 4. Alfred Earley offered perjured testimony at this hearing on the writ of habeas corpus because of fear of the petitioner. 5. The true story related by Alfred Earley, at time of the original trial, was corroborated by other facts and circumstances".

*monwealth v. Palarino,* 168 Pa. Superior Ct. 152, 77 A. 2d 665. As aptly stated by President Judge O'CON-NELL in his well-considered opinion: "Now, more than five years after the petitioner's conviction by a jury of the crime for which he is serving sentence, Earley, the petitioner's partner in crime, makes an affidavit that he lied when he testified against Estelle. The fact that Alfred Earley cannot be prosecuted for what he admits was a perjury must be considered in determining what weight is to be given his latest statements. We are of the opinion that his new story, or his latest story, is based on fear of the petitioner, and should not be believed".

Appellant also argues that Earley's testimony was improperly received at the trial because of his previous conflicting statement. He cites *Hoopsick Petition,* 172 Pa. Superior Ct. 12, 91 A. 2d 241, which is not here controlling. In *Commonwealth v. Thompson et al.,* 181 Pa. Superior Ct. 572, 124 A. 2d 180, affirmed 388 Pa. 572, 131 A. 2d 449, one Stertz had pleaded guilty to a number of burglaries. At that time he exculpated Thompson and Lewis. However, at the subsequent trial, Stertz testified that his exculpatory statement was false and that Thompson and Lewis were actually involved. We held that Stertz was competent to testify, that the repudiation of his prior statement affected only his credibility, and that the evidence was sufficient to sustain the convictions. See also *Commonwealth v. Leitch,* 185 Pa. Superior Ct. 261, 137 A. 2d 909. It is well settled that an attack upon the evidence presented at the trial, based on an averment that it was perjured, cannot be a subject of habeas corpus. See *Commonwealth ex rel. Cobb v. Burke,* 176 Pa. Superior Ct. 60, 107 A. 2d 207; *Commonwealth ex rel. Ruger v. Day,* 176 Pa. Superior Ct. 479, 108 A. 2d 818.

Appellant's contentions on this appeal are resolved adversely to his position in *Commonwealth ex rel.*

*Bishop v. Maroney,* 382 Pa. 324, 114 A. 2d 906, wherein our Supreme Court said: "Relator contended that the Commonwealth had introduced evidence at the trial which it knew to be false, but the court found, and was justified in finding, that there was no evidence to support such a charge . . . Relator then advanced a number of contentions aimed to show that testimony at the trial was false and that he should not have been convicted; all matters thus presented were obviously not the subject of consideration in a habeas corpus proceeding and accordingly the court properly discharged the rule to show cause why the writ should not issue and dismissed relator's petition".

Order affirmed.