Commonwealth ex rel. Whalen, Appellant, *v.* Banmiller.

Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

OPINION PER CURIAM, April 13, 1960:

This Court has not permitted the filing of appeals in habeas corpus cases without the payment of the $12 filing fee required by the Act of May 19, 1897, P. L. 67, §3, 12 PS §1135. Unless this act is unconstitutional as applied to this case, it is our duty to follow it, and to require the payment of the fee prescribed by the legislature.

Numerous efforts have been made by prisoners to file appeals from the orders of the courts of common pleas in habeas corpus cases without paying the filing fee. In many of these cases the prisoners have asked the Supreme Court of Pennsylvania, and subsequently the Supreme Court of the United States, to require us to accept their appeals without payment of the fees. Both the Supreme Court of Pennsylvania and the Supreme Court of the United States have uniformly refused to require us to accept these appeals without the payment of the fees required by the Act of 1897, supra.

In the matter now before us, the petitioner in a habeas corpus case filed a "Petition for leave to file appeal without payment of the statutory filing fee" with this Court. Following the statutory mandate and the practice of this Court since its establishment, we dismissed the petition. A petition for allocatur labeled "Supplemental Petition for Allowance of an Appeal," was filed with the Supreme Court of Pennsylvania,

which Court entered the following order thereon: "And Now, February 24, 1960, upon consideration of the Supplemental Petition for Allowance of an Appeal in the above-entitled matter, and in view of the decision of the Supreme Court of the United States in Burns v. Ohio, 360 U. S. 252 it is hereby ordered that the supplemental petition to this court in the above entitled matter be transmitted to the Superior Court for that court's possible reconsideration of the petitioner's application for leave to appeal to that court from the order of the Court of Common Pleas No. 5 of Philadelphia County at No. 633 September Term, 1959, without payment of the statutory filing fee."

In *Burns v. Ohio*, 360 U. S. 252, decided June 15, 1959, the Supreme Court of the United States held that "once the State chooses to establish appellate review *in criminal cases*, it may not foreclose indigents from access to any phase of that procedure because of their poverty." (Emphasis supplied). In the *Burns* case the defendant was seeking appellate review of his conviction in a *criminal case*.

The present case is a habeas corpus action brought in the court of common pleas. *It is a civil remedy. Commonwealth ex rel. Paylor v. Claudy*, 366 Pa. 282, 284, 77 A. 2d 350 (1951); *Commonwealth ex rel. Ridenour v. McHugh*, 179 Pa. Superior Ct. 69, 73, 115 A. 2d 808 (1955); 17 P.L.E. Habeas Corpus, §1, page 264.

*As recently as February 23, 1960,* the Supreme Court of the United States denied certiorari in a similar habeas corpus case in which this Court and the Supreme Court of Pennsylvania had refused to allow the filing of an appeal without the payment of the statutory filing fee. *Commonwealth ex rel. Burge v. Maroney,* Superior Court: 325 Miscellaneous Docket; Supreme Court: 2278 Miscellaneous Docket.

We doubt that the Supreme Court of the United States intended *Burns v. Ohio,* supra, to apply to ha-

beas corpus cases. If it intended that case to apply, we believe it would not have denied a certiorari in *Commonwealth ex rel. Burge v. Maroney,* supra. We recognize that Burge asked the Supreme Court to pass upon his right to a writ, and not merely his right to appeal without paying the filing fee. We also recognize that denial of a certiorari by the Supreme Court of the United States cannot be considered a disposition of the case on its merits. On the other hand, the petition of Burge to the Supreme Court of the United States was for a writ of certiorari to the Supreme Court of Pennsylvania whose order dealt only with the right to appeal without paying the filing fee. The action of this Court and the Supreme Court of Pennsylvania was upon a petition to file an appeal without paying the filing fee. Thus, the order of the Supreme Court of the United States refusing certiorari was an action of that Court on a case which went to it from orders of our appellate courts refusing to allow appeals without the payment of the filing fees. Under these circumstances, it appears to us that the Supreme Court of the United States would not have refused the Burge petition for certiorari to the Supreme Court of Pennsylvania on its order dealing only with the payment of a filing fee had it intended so recent a decision as *Burns v. Ohio,* supra, to apply to the civil action here involved.

Since the creation of this Court, it has followed the statutory provisions requiring a filing fee. We think this statute is constitutional as applied to appeals in habeas corpus cases, and that *Burns v. Ohio,* supra, is inapposite. To hold otherwise would require us to declare an act unconstitutional after over 60 years of applying it, and to change the practice the appellate courts of this Commonwealth followed from time whereof the memory of man runneth not to the contrary. This would be a reversal which we think should be done

only for compelling reasons fully set forth in a published opinion. If it is error for us to continue to follow the mandate of the legislature requiring filing fees in these cases, the Supreme Court of Pennsylvania and the Supreme Court of the United States have opportunities almost monthly to pass upon the matter and to reverse their prior orders and practices and declare the act unconstitutional as applied to prisoners taking appeals from the court of common pleas in habeas corpus cases.

Upon careful reconsideration of the petition, we think it should be dismissed, because we believe the act requiring the payment of filing fees is constitutional as applied to habeas corpus cases.

We note further in this case that the petitioner is a prisoner in a Pennsylvania State penitentiary. As a prisoner in a state penal institution, he receives an allowance from the Commonwealth. We are advised by prison authorities that since the petitioner was returned to the Eastern State Penitentiary as a convicted parole violator on June 11, 1958, he has received a total of $330.65. Of this sum, he received $54.65 from mail and visits, $63 for submitting to medical tests, and $213 from prison industry and maintenance payroll.[1] The petitioner spent $325.11 in prison, and at the writing of this he had a balance of $5.54 in his account. Many of the petitioner's fellow prisoners with less income, have paid the court filing fees. The petitioner sees

[1] If the prisoner would be allowed to file an appeal without paying the $12 filing fee, and thus be indebted to the Commonwealth for this sum, could the Commonwealth properly thereafter pay him a gratuity or for services within the correctional institution until his indebtedness to the Commonwealth is satisfied? The Commonwealth withholds subsidies from school districts, as well as counties and all municipalities, to force payments due from these political subdivisions to the Commonwealth. Should our prisoners be entitled to better treatment than our school children?

fit to spend his income otherwise. Had he not spent all of his income as received while in the penitentiary, he would have the necessary funds to pay the filing fee. Under these circumstances, we think that the Commonwealth has not foreclosed the prisoner access to this Court by requiring a $12 filing fee.

Prisoners, who have been paying the filing fees in these cases, would undoubtedly hereafter spend their allowances in order to reduce their accounts to a sum less than $12 whenever they intend to appeal, if they could thus avoid the payment of the filing fee. In contemplation of a possible change in the law, 13 applications for allowance of appeal without the payment of filing fees are now pending in this Court.

The petitioner's latest conviction, on which he was sentenced to 7½ to 20 years was reviewed by this Court in *Commonwealth v. Whalen (No. 1),* 189 Pa. Superior Ct. 351, 150 A. 2d 133 (1959). See also *Commonwealth v. Whalen (No. 2),* 189 Pa. Superior Ct. 359, 150 A. 2d 137 (1959). An allocatur was refused by the Supreme Court of Pennsylvania, and only this month a certiorari was denied by the Supreme Court of the United States. *In the meantime—while the review of his conviction and sentence were pending before the Supreme Court—*the prisoner brought this habeas corpus action raising substantially the same questions previously presented. *While the validity of his sentence was pending before the appellate courts,* the lower court acted upon the habeas corpus, and both this Court and the Supreme Court of Pennsylvania considered the question of appeal. Under *Burns v. Ohio,* supra, a convict, if in fact indigent, is entitled to appeal his conviction and sentence without paying a filing fee. But does he have a constitutional right to appeal endlessly with overlapping habeas corpus actions without paying any fees in any of them? Can he file a new petition for a writ of habeas corpus each month raising the same questions

and as each is refused by the court below appeal it without paying any filing fees ever? If indigent, a convict is entitled to a "free" review of his conviction and sentence, but certainly not endlessly, overlapping free reviews.

Upon reconsideration, we again refuse the petition to permit filing of an appeal in this habeas corpus case without the payment of the filing fee.