Commonwealth ex rel. Whalen, Appellant, *v.* Banmiller.

Submitted September 16, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*Edward J. Whalen,* appellant, in propria persona.

*Domenick Vitullo,* Assistant District Attorney, *Paul M. Chalfin,* First Assistant District Attorney, and *Victor H. Blanc,* District Attorney, for appellee.

OPINION BY WRIGHT, J., November 16, 1960:

Edward J. Whalen has appealed from an order of Court of Common Pleas No. 5 of Philadelphia County dismissing his petition for a writ of habeas corpus. On January 21, 1956, on Bill No. 824 July Sessions 1954, charging robbery, Whalen was sentenced by Judge LEVINTHAL to serve a term of not less than seven and one-half years nor more than fifteen years in the Eastern State Penitentiary. On February 28, 1957, on the recommendation of the Board of Pardons, the minimum sentence was commuted by the Governor to a term of eleven months and twenty-eight days. On April 29, 1957, Whalen was released on parole, at which time the balance of his maximum sentence remaining was thirteen years, eleven months and three days. On June 11, 1958, on Bill No. 1 March Sessions 1958, charging attempted burglary, Whalen was sentenced by President Judge ALESSANDRONI to serve a

term of seven and one-half to twenty years in the Eastern State Penitentiary. We affirmed this judgment in *Commonwealth v. Whalen (No. 1)*, 189 Pa. Superior Ct. 351, 150 A. 2d 133. Whalen was thereupon returned to the penitentiary as a convicted parole violator, and is being required to serve the balance of his sentence on Bill No. 824 July Sessions 1954 before commencing to serve his sentence on Bill No. 1 March Sessions 1958.

Whalen is here attempting to attack his sentence on Bill No. 824 July Sessions 1954. This charge arose out of a hold-up on June 29, 1954 at Moesheim's, 417 West Girard Avenue in Philadelphia. In his petition Whalen states that, at the time of his arrest as a participant in the Moesheim robbery, "I was on parole from the penitentiary for a hold-up which I had committed some nine years before". The offense to which he refers resulted in a sentence of five to ten years by then President Judge Bok, now a Justice of our Supreme Court. The record discloses that Whalen has twice before attempted to attack his sentence on Bill No. 824 July Sessions 1954. The first attempt was in 1956 by petition for a writ of error coram nobis, which petition was dismissed by Judge Levinthal. The second attempt was in 1957 by petition for a writ of habeas corpus, which petition was dismissed by President Judge Flood. Attached to Whalen's petition is a copy of the opinion in that proceeding filed on February 14, 1958, in Court of Common Pleas No. 1 at No. 373 December Term 1957. Judge McClanaghan dismissed the instant petition because there was no legal basis to support it, pointing out that all of Whalen's present complaints "had previously been disposed of by His Honor Judge Flood".

Appellant's statement of the questions involved on this appeal is as follows: "1. Is it error to deny relator

an opportunity to present alleged material facts and evidence in support of his petition for a writ of habeas corpus? 2. On Appeal must one accept undenied alleged material facts? 3. In view of the unusual circumstances of this case . . . was the Discharge of the Rule to show cause, and the Dismissal of the Petition for writ of Habeas Corpus premature and unwarranted?" We were directed by the Supreme Court to accord appellate review without payment of the filing fee. See *Commonwealth ex rel. Whalen v. Banmiller*, 400 Pa. 606, 162 A. 2d 383, reversing *Commonwealth ex rel. Whalen v. Banmiller*, 192 Pa. Superior Ct. 134, 160 A. 2d 126. Appellant contends that he was not legally indicted, that the prosecutor used evidence which was fabricated and perjured and suppressed favorable evidence, and that there was fraud and collusion and coercion of witnesses. We find no merit in any of his contentions.

Questions relating to the sufficiency or regularity of proceedings prior to indictment may not be raised by a petition for a writ of habeas corpus: *Commonwealth ex rel. Scasserra v. Maroney*, 179 Pa. Superior Ct. 150, 115 A. 2d 912; *Commonwealth ex rel. Geisel v. Ashe*, 165 Pa. Superior Ct. 41, 68 A. 2d 360. A writ of habeas corpus may not be used as a substitute for an appeal, and a relator may not obtain relief by habeas corpus for alleged trial errors: *Commonwealth ex rel. Cobb v. Burke*, 176 Pa. Superior Ct. 60, 107 A. 2d 207. An attack upon the evidence presented at trial, based on an averment that it was perjured, may not be a subject of habeas corpus: *Commonwealth ex rel. Estelle v. Cavell*, 191 Pa. Superior Ct. 200, 156 A. 2d 615. As pointed out by Mr. Justice BELL in *Commonwealth ex rel. Marelia v. Burke*, 366 Pa. 124, 75 A. 2d 593: "The extraordinary remedy of habeas corpus, which can be successfully invoked only in exceptional cases, is not a substitute for a motion for new

trial or for an appeal or for a writ of error . . . It is well settled that a relator cannot obtain relief by habeas corpus for errors alleged to have occurred in the course of his trial . . . While there is general language and some dicta in Pennsylvania and in other jurisdictions to support a contrary view, the great weight of authority holds that the question of the sufficiency or insufficiency of the evidence to sustain a conviction cannot be raised by habeas corpus".

A petition for a writ of habeas corpus may be dismissed without a hearing where the petition itself or the record upon which it is based, or both together, fail to clearly make out a case entitling relator to relief: *Commonwealth ex rel. Elliott v. Baldi*, 373 Pa. 489, 96 A. 2d 122. Furthermore, a petition for a writ of habeas corpus which is repetitious of a previous petition may not be employed as a device to secure subsequent appellate review of adjudicated matters: *Commonwealth ex rel. Young v. Day*, 180 Pa. Superior Ct. 276, 119 A. 2d 559. And see *Commonwealth ex rel. Pierce v. Martin*, 183 Pa. Superior Ct. 272, 130 A. 2d 727. In this connection, we adopt the following excerpt from the opinion of President Judge FLOOD to which reference has previously been made:

"His petition must be dismissed. We have read the complete transcript of this trial which consists of 239 pages. Our conclusion is that the petitioner was given a scrupulously fair trial. He was represented by very competent counsel and his rights were secured on all points by the trial judge.

"Three eye witnesses positively identified the petitioner as the man who had been a previous customer of the store which was robbed. There is no hint of the suppression of evidence in the notes of testimony. Plaintiff had ample opportunity to subpoena any witnesses he wanted at the trial in which he was repre-

sented by able counsel. The case was fairly tried and submitted to the jury in a fair charge to which no exception can properly be taken . . .

"What petitioner wants is to have his case re-tried, but he has set forth no grounds that would warrant a new trial even if a writ of habeas corpus could be used as a substitute for a new trial, or an appeal, which is not its function. He was fairly tried. His motion for a new trial was argued and dismissed. He later brought a writ of coram nobis which was considered by Judge LEVINTHAL and dismissed. The matter went before the Pardon Board and was considered by it and the sentence was modified. There is no substantial basis for the petition and for granting a hearing upon the petition".

The order of Judge McCLANAGHAN is affirmed.