## Commonwealth ex rel. Vecchiolli v. Maroney

*Frank Vecchiolli*, p. p.

*William H. Wolf, Jr.*, Assistant District Attorney, *Arlen Specter*, Assistant District Attorney, *Paul M. Chalfin*, First Assistant District Attorney, and *James C. Crumlish, Jr.*, District Attorney, for respondent.

WEINROTT, J., November 28, 1961.—Relator, Frank Vecchiolli, filed a petition for a writ of habeas corpus, contending that the judgment and sentence in his case were without due process of law. A review of the entire record discloses that on November 8, 1937, relator was sentenced to the Eastern State Penitentiary for a period of not less than five nor more than 20 years by the late President Judge Harry S. McDevitt on bill no. 227, October term, 1937. The maximum sentence has been extended to March 29, 1972, by reason of parole violations which occurred on the two occasions that he was paroled, first in 1942 when he had been out on parole for almost 10 years, and then again in 1960 when he had been out on parole for almost six years.

Sentense was originally imposed upon a plea of guilty by Vecchiolli, who was unrepresented at his trial. He admitted at that time that the robbery charged occurred on the second floor of the premises involved. In this petition, he merely alleges that the actual robbery did not occur on the second floor. Relator also charges error in the failure of the Commonwealth to call one of the witnesses who was wounded during the robbery to testify as to the actual place where the crime was committed. This witness would lend no significance, for both Vecchiolli and the

codefendant testified as to the time and place of the occurrence.

The next allegation which relator sets forth is that he was convicted by perjured testimony. The record demonstrates, however, that he was guilty by his own plea and admissions. Moreover, no evidence has been presented upon which this court could sustain the finding that the evidence adduced at trial was untrue. Then, too, the case of Commonwealth ex rel. Estelle v. Cavell, 191 Pa. Superior Ct. 200, enunciates the applicable principle that an attack upon the evidence presented at trial based on the averment that it was perjured cannot be the subject of habeas corpus. This principle was reiterated in Commonwealth ex rel. Whalen v. Banmiller, 193 Pa. Superior Ct. 554.

A writ of habeas corpus may not be used as a substitute for an appeal, and relator may not obtain relief by habeas corpus for alleged trial errors.

The case of Commonwealth ex rel. Whalen v. Banmiller, supra, also answers the charge of relator that he was deprived of his constitutional rights in that he was denied a preliminary hearing and the right to bail. These are matters which cannot now be considered. Questions relating to the sufficiency or regularity of proceedings prior to indictment may not be raised by a petition for a writ of habeas corpus. Moreover, the alleged irregularities occurred in the year 1937, and the facts concerning any such charge cannot be determined at this late date.

As to the averment that he was denied due process by reason of lack of assistance of counsel at time of trial, this court points to the case of Commonwealth v. Jackson, 193 Pa. Superior Ct. 631, 635, wherein our Superior Court notes:

"Under the present law, as enunciated by the decisions of the federal courts and of our own Courts, to

invalidate a plea of guilty in non-capital cases by reason of denial of due process of law arising from a failure to provide a defendant with counsel by the courts of the Commonwealth, the defendant must establish that for want of benefit of counsel an ingredient of unfairness actively operated in the process that resulted in his confinement."

In the instant case, the circumstances failed to disclose any such element of unfairness.

Accordingly, we have heretofore entered an order dismissing the petition of Frank Vecchiolli for a writ of habeas corpus.