## Commonwealth ex rel. Leeper, Appellant, *v.* Russell.

Submitted June 12, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Alfred J. Leeper,* appellant, in propria persona.

*W. Thomas Malcolm,* District Attorney, for appellee.

OPINION BY WRIGHT, J., September 13, 1962:

Alfred James Leeper has appealed from an order of the Court of Common Pleas of Indiana County dismissing his petition for a writ of habeas corpus. It will be necessary to briefly set forth the factual and procedural background.

On December 6, 1960, Leeper was indicted at No. 1 March Term 1961, in the Court of Oyer and Terminer of Indiana County on charges of statutory rape and adultery. The case was called for trial on December 12, 1960, before President Judge EDWIN M. CLARK and a jury. We have carefully examined the original trial record. Hylinda Eleanor Bush, a fourteen year old girl, testified that, after her father's death, Leeper came to live with her mother. Leeper was a married man and his relationship with the child's mother was concededly a meretricious one. Hylinda testified that Leeper had sexual relations with her on frequent occasions. Harry H. Owens, Chief of Police of the Borough of Indiana, testified that Leeper admitted that he had had sexual relations with the child, and wrote in his own hand a statement to that effect. The testimony of Officer Owens was corroborated by that of Columbo Previte, Chief of the Bureau of Criminal Identification, and Leeper's written statement was received in evidence. Dr. Daniel H. Bee testified that the child's hymen had been ruptured. For the defendant-appellant, the child's mother testified: "I had no reason to distrust him whatever". However, almost in the same breath, she admitted that she had questioned the girl about Leeper and inquired "if they had any connection, and she said they tried once and no success". She further testified that, when she questioned Leeper, he promised "that he would never

bother her again". Leeper denied any connection with the child, and attempted to explain his oral admission and written statement on the ground that he "was confused and scared". Following a comprehensive charge by the trial judge, the jury returned a verdict of guilty, a result which it is not difficult to understand. Leeper was sentenced, December 19, 1960, to serve a term of not less than five nor more than fifteen years. He is presently confined in the State Correctional Institution at Huntingdon.

On July 31, 1961, Leeper's trial counsel filed the instant petition for a writ of habeas corpus. It is based solely on an affidavit by Hylinda Eleanor Bush that her testimony at the trial was false. An answer was filed by the District Attorney and, after argument of counsel, the following order was entered: "And now, November 1, 1961, the petition for a rule to show cause why writ of Habeas Corpus should not be issued is denied. The Court will, however, set up a day for hearing to take testimony from Hylinda Bush concerning her alleged perjured testimony provided the attorney for Alfred James Leeper files a motion for a new trial". Leeper's counsel promptly filed a motion for a new trial. What transpired thereafter is set forth in the opinion of the court below as follows:

"A hearing was held November 6, 1961, at which time Hylinda Bush was asked about her testimony given at the time of the trial. At this hearing she stated that the testimony she gave at the time of the trial was untrue but it was quite evident to this Court that she was under a great deal of pressure at the time. She gave this testimony and at its conclusion she refused to go home with her mother. After Hylinda refused to go home with her mother, the Court then, in the presence of Mrs. Kathryn Walback, a worker for Child Welfare Services of Indiana County asked Hylinda again as to what was the real truth in regard

to her conduct with Mr. Leeper. Hylinda stated that she had told the truth at the time of the trial. In view of this statement, Hylinda was taken back into Court on November 8, 1961 and after being sworn in the presence of the District Attorney and the attorney for Mr. Leeper, stated that she told the truth at the trial. The Court is definitely of the opinion that Hylinda Bush was telling the truth at the time of the trial and that it would be a miscarriage of justice to grant a new trial".

It is well settled that an attack upon the evidence presented at the trial, based on an averment that it was perjured, may not be a subject of habeas corpus: *Commonwealth ex rel. Whalen v. Banmiller*, 193 Pa. Superior Ct. 554, 165 A. 2d 421. The instant appeal is ruled by *Commonwealth ex rel. Estelle v. Cavell*, 191 Pa. Superior Ct. 200, 156 A. 2d 615, wherein we made the following pertinent statement: "We have held that a new trial should be granted where there is incontrovertible evidence adduced that the verdict was rendered by reason of perjured testimony . . . However, this rule does not apply if there is doubt as to the falsity of the testimony . . . Affidavits made by Commonwealth witnesses recanting their testimony given at trial are exceedingly unreliable, and it is the court's duty to deny relief where it is not satisfied that the recantation is true, especially where it involves an admission of perjury".

The record in the case at bar does not disclose incontrovertible evidence that the verdict was rendered by reason of perjured testimony. On the contrary, it fully justifies the conclusion of the hearing judge that the child was telling the truth at the time of the trial. This appellant was fairly tried and properly convicted. We are all of the opinion that he is not entitled either to a writ of habeas corpus or to a new trial.

Order affirmed.