## Commonwealth ex rel. Prater v. Myers (No. 2)

*Earl F. Prater*, p. p., relator.

*William C. Cahall, 3rd*, Assistant District Attorney, for respondent.

FORREST, P. J., November 7, 1962.—This is a petition for writ of error coram nobis filed by a prisoner at the State Correctional Institution, Graterford, Pennsylvania.

Petitioner, after a jury trial in 1955, was convicted of burglary, rape and sodomy, and at the present time he is serving a sentence of ten to 20 years. He filed a petition for writ of habeas corpus in 1958, which was dismissed. In 1961, he filed a petition for writ of error coram nobis, alleging as grounds: (1) that proof of distinct crimes unconnected with those laid in the indictments was offered in evidence against him as proof of his guilt of the crimes for which he was tried, as showing his natural disposition to commit the crimes for which he was tried; and (2) that he was not accorded a fair trial.

This court, per Dannehower, P. J., denied the writ and dismissed the petition, stating:

"At the trial, he (petitioner) was represented by able and competent counsel, and no motion for a new trial or in arrest of judgment were filed.

" 'The writ of error coram nobis lies where some fact exists outside of the record, which fact was not known at the time the judgment was rendered, through no fault of the petitioner, and which fact, if known, would have prevented judgment.' Commonwealth v. Taylor, 193 Pa. Superior Ct. 360. (syllabus)

"A petitioner for a writ of coram nobis, or writ of habeas corpus cannot be used as a motion for a new trial, nor can such proceedings be a substitute for an appeal. There is no merit in any of petitioner's contentions."

The Superior Court in a per curiam opinion, dated January 16, 1962, affirmed the order of this court on the opinion of President Judge Dannehower. See 25 D. & C. 2d 784.

What Judge Dannehower stated in the above quoted opinion applies with equal force to the instant petition.

Although this is not, strictly speaking, a habeas corpus case, some of the contentions of petitioner are occasionally made in petitions for habeas corpus and it is "not error for the court below to consider the petition as such in the instant case": Commonwealth ex rel. Yeschenko v. Keenan, 179 Pa. Superior Ct. 145, 148 (1955).

Petitioner contends that he is innocent of the charges made against him; that he was convicted upon perjured evidence. "It is well settled that an attack upon the evidence presented at the trial, based on an averment that it was perjured, may not be a subject of habeas corpus": Commonwealth ex rel. Leeper v. Russell, 199 Pa. Superior Ct. 93, 96 (1962).

Petitioner alleges that the trial judge erred in making rulings allowing certain evidence, particularly his prior criminal record, to be received by the jury. "It is well settled that habeas corpus is not a substitute for an appeal and cannot be used to inquire into matters that should have been raised on motion for a new trial": Commonwealth ex rel. Coffman v. Keenan, 198 Pa. Superior Ct., 80, 82 (1962). At his trial, petitioner was represented by competent counsel. If the trial judge erred in his rulings, defendant had a remedy but failed to avail himself of it.

The Supreme Court of the United States in recent years has shown a tendency to relax the general rule stated in the immediately preceding paragraph and to "widen the scope of due process and allow a writ of habeas corpus when the interests of justice imperatively require it": Commonwealth ex rel. Elliott v. Baldi, 373 Pa. 489, 493 (1953). ". . . where the record shows a trial or sentence or plea which was so fundamentally unfair as to amount to a denial of due process or other constitutional rights of the accused, habeas corpus will lie": Commonwealth ex rel. Elliott v. Baldi, supra, page 494. These general principles are restated in Commonwealth ex rel. Butler v. Rundle, 407 Pa. 535 (1962).

We are cognizant of the recent decision in United States ex rel. Scoleri v. Banmiller, 310 F. 2d 720, which in effect, reversed a conviction of murder and death sentence because of admission of defendant's criminal record at the trial held *before* the enactment of the "Split-Verdict Act" of December 1, 1959, P. L. 1621, 18 PS §4701. The court in that case was of the opinion that the admission of the evidence of convictions was "gravely prejudicial" and that the trial therefore was "fundamentally unjust."

In the instant case, on the other hand, petitioner was not tried and convicted of a capital offense, and the

evidence received at the trial was admitted in accordance with long established and firmly settled rules, which have not been changed by any act of the general assembly or by any appellate court decision. The record shows no unfairness or denial of due process or other constitutional rights.

And now, November 7, 1962, the writ of error coram nobis is denied and the petition, treated both as a petition for writ of error coram nobis and as a petition for writ of habeas corpus, is dismissed.