## Commonwealth ex rel. Thomas v. Myers

*Edward Thomas*, p. p., relator.

*James C. Crumlish, Jr.*, District Attorney, and *Frank E. Gilbert*, Assistant District Attorney, for respondent.

WATERS, J., February 26, 1963.—Petitioner has appealed from the court's order dismissing his petition for a writ of habeas corpus.

Petitioner was sentenced by Judge A. Lipez on bills of indictment nos. 1424 to 1434 inclusive, of March sessions, 1959, charging possession and sale of drugs, to 5 to 20 years on each bill, the sentences to run concurrently.

The Commonwealth's case was based almost entirely on the testimony of one Andrew Backham, a confessed drug addict, who described 11 separate heroin purchases from petitioner at his residence for $5 per bag. This witness described in detail the white powder contents of each bag and the manner in which it was prepared and injected into his veins and his reactions.

The petition, as described by the district attorney, set forth "an indiscriminate mixture of allegations of fact and conclusions of law." The complaints stated therein are as follows: petitioner avers that he was denied an adequate opportunity to prepare and present a defense and that he did not have sufficient notice of the accusations against him because he was not informed of the dates of alleged illegal sales and possession. Apparently petitioner is complaining because he was originally charged with only two offenses before the magistrate, but was subsequently indicted for more. That contention is without merit and the absence of allegation of dates at the magistrate's hearing does not in any way affect the validity of his subsequent indictment, trial and conviction. Finally, the petition itself shows that the Commonwealth proved 11 sales from December, 1958, through January, 1959.

Petitioner also contends that he was convicted by the use of false evidence, known to be false by representatives of the State. This allegation of known falsity is simply parrotted from language of the courts, it is unsupported by the record or any allegations of fact. Actually, petitioner's complaint is that the witness against him did not tell the truth and that the records of the trial and magistrate's transcript so show. The records do not support these allegations.

In Commonwealth ex rel. Leeper v. Russell, 199 Pa. Superior Ct. 96 (1962), the court stated:

"It is well settled that an attack upon the evidence presented at the trial, based on an averment that it

was perjured, may not be a subject of habeas corpus: Commonwealth ex rel. Whalen v. Banmiller, 193 Pa. Superior Ct. 554, 165 A. 2d 421. The instant appeal is ruled by Commonwealth ex rel. Estelle v. Cavell, 191 Pa. Superior Ct. 200, 156 A. 2d 615, wherein we made the following pertinent statement: 'We have held that a new trial should be granted where there is incontrovertible evidence adduced that the verdict was rendered by reason of perjured testimony . . . Affidavits made by Commonwealth witnesses recanting their testimony given at trial are exceedingly unreliable, and it is the court's duty to deny relief where it is not satisfied that the recantation is true, especially where it involves an admission of perjury.' "

Petitioner has garbled together various high-sounding phrases from judicial decisions, but he has not alleged or described any facts which intimate that he was denied any fundamental rights. The trial court's rulings on objections to offers of evidence cannot be considered by us on this application. Defendant was represented by counsel and his rights were adequately protected. The trial judge properly ruled that a conviction may be predicated upon the uncorroborated testimony of an accomplice: Commonwealth v. Darnell, 179 Pa. Superior Ct. 461 (1956); that a conviction may be based on the testimony of a drug addict, who by virtue of his long experience as a drug addict lends the quality of expert opinion to his testimony: Commonwealth v. Harris, 186 Pa. Superior Ct. 59 (1958). The jury was repeatedly cautioned by the court to carefully scrutinize Backham's testimony.

For the foregoing reasons we dismissed the petition for a writ of habeas corpus.