## Commonwealth ex rel. Rocco v. Maroney

*James Rocco*, p.p., relator.

WEINER, J., June 6, 1963.—Petitioner was arrested on December 6, 1960, charged with criminal conspiracy to commit robbery, and as an accessory before the fact to a robbery, to wit, the robbery of the Roscoe, Pennsylvania, bank on February 4, 1960.

Petitioner pleaded not guilty to the charges and was released under $20,000 bond after a lengthy trial, and when represented by competent counsel, the jury found petitioner guilty. On September 29, 1961, he was sentenced to the Western State Correctional Institution for a term of three to six years imprisonment, on the charge of accessory before the fact and from one to two years on the criminal conspiracy charge, both sentences to run concurrently.

Petitioner has filed a petition for writ of habeas corpus in our court of common pleas, claiming that he was convicted on the charges aforesaid as a result of the perjured testimony of one Paul Getz. To the petition was attached an affidavit of the said witness to the effect that he had in fact committed perjury at the trial of petitioner.

At a hearing before the court on September 7, 1962, under oath, Getz denied having perjured himself at the trial. He testified that the "affidavit", attached to the petition for writ of habeas, setting forth a denial of the truth of his testimony given at the said trial, was secured by petitioner through threats, intimidation and physical abuse against the witness at the Western State Correctional Institution, where both were confined at the time.

The court is of the opinion that the testimony of the witness, Paul Getz, at the trial and at the said hearing is true. Even assuming that his testimony was not true, the petition does not state facts upon which the writ should be granted.

An attack upon the evidence presented at the trial, based on an averment that it was perjured, may not be a subject of habeas corpus: Commonwealth ex rel. Leeper v. Russell, 199 Pa. Superior Ct. 93; Commonwealth ex rel. Whalen v. Banmiller, 193 Pa. Superior Ct. 554. A writ of habeas corpus cannot be used to reexamine matters of fact that were passed on by the

jury at the trial: Commonwealth ex rel. Carey v. Montgomery County Prison Keeper, 370 Pa. 604. Nor can it be used as a substitute for an appeal or writ of error, or for a motion for a new trial: Commonwealth ex rel. Johnson v. Myers, 402 Pa. 451; Commonwealth ex rel. Marelia v. Burke, 366 Pa. 124.

Neither can questions concerning the conduct of a trial, *integrity of a witness*, and similar matters be inquired into by the writ: Commonwealth ex rel. Lewis v. Tees, 177 Pa. Superior Ct. 132. See also discussion of all the above principles in Commonwealth ex rel. Maryanski v. Myers, 29 D. & C. 2d 358, affirmed in 200 Pa. Superior Ct. 179.

The instant appeal is ruled by Commonwealth ex rel. Estelle v. Cavell, 191 Pa. Superior Ct. 200, wherein is made the following pertinent statement:

"We have held that a new trial should be granted where there is incontrovertible evidence adduced that the verdict was rendered by a reason of perjured testimony. . . Affidavits made by Commonwealth witnesses recanting their testimony given at trial are exceedingly unreliable, and it is the court's duty to deny relief where it is not satisfied that the recantation is true, especially where it involves an admission of perjury."

And that duty weighs more heavily when, as here, the recantation is of the affidavit, and not of the original testimony.

Petitioner has not alleged nor was he able, at a subsequent hearing held before the court on April 10, 1963, to show any facts which intimate that he was denied any fundamental rights. Defendant was well represented by able counsel, and his rights were adequately protected.

Accordingly, upon careful consideration of the averments of the petition and exhibits attached thereto and the testimony heard, we have concluded that the

petition for writ of habeas corpus be dismissed and the rule granted thereon be discharged.