## Commonwealth ex rel. Jones, Appellant, *v.* Myers.

438

Submitted June 11, 1963. Before RHODES, P. J., ER-VIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Morrice Jones,* appellant, in propria persona.

*Arlen Specter,* Assistant District Attorney, *F. Emmett Fitzpatrick, Jr.,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for appellee.

OPINION BY WRIGHT, J., September 12, 1963:

Morrice Jones has appealed from an order of Court of Common Pleas No. 3 of Philadelphia County dismissing his petition for a writ of habeas corpus. It should perhaps be noted that appellant's first name as it appears in the caption of his petition is spelled "Morrice" in contrast to the spelling "Morris" appearing in the bills of indictment and notes of testimony. We will briefly summarize the factual and procedural background revealed by our examination of the original trial record.

On June 27, 1961, at 2:20 A.M., officers Eisler and Besris were patrolling Vine Street in the City of Philadelphia. They came upon a disturbance at Darien and Vine in which they personally observed William Boggs being assaulted by appellant, Jones, and a co-defendant, Gandy Houston. Boggs was knocked to the ground by Houston, and Jones searched Boggs' pockets. The three men were taken to the police station. In Jones' possession were found two crumpled dollar bills which Boggs asserted was his money. It is conceded in the petition for the writ of habeas corpus that Boggs stated in appellant's presence that Jones and Houston were "the ones that taken money from him".

On August 3, 1961, being represented by a voluntary defender, appellant waived a jury trial and pleaded not guilty to two bills of indictment, Nos. 332 and 333 July Sessions 1961, charging respectively aggravated robbery and conspiracy. The Commonwealth's case in chief consisted of the testimony of the police officer. Appellant denied taking any money from Boggs, and asserted that he was not with Houston that evening. In view of an objection made by appellant's counsel that Boggs was not present in court, the assistant district attorney asked for a recess "to bring in Boggs". Appellant's counsel vigorously objected to the recess and the court sustained the objection. Appellant was then adjudged guilty on both charges and

immediately sentenced to serve a term of five to ten years on Bill No. 332. Sentence was suspended on Bill No. 333. On August 7, 1961, appellant's counsel filed a motion in arrest of judgment or for a new trial, whereupon the sentence on Bill No. 332 was vacated. On October 6, 1961, the motion in arrest of judgment and for a new trial having been withdrawn, appellant was sentenced to serve a term of two to five years on Bill No. 332. He is presently confined on that sentence.

Appellant's first contention on this appeal is that the court below lacked jurisdiction because appellant was denied his right to confrontation of witnesses under Article I, Section 9, of the Constitution of the Commonwealth. Appellant asserts that he was entitled "to meet the witnesses face to face", and that this right was violated because Boggs did not appear at the trial. The record discloses that Boggs was the victim, not the prosecutor. Even the prosecutor is not required to be present at the trial unless subpoenaed as a witness: *Commonwealth v. Fisher*, 131 Pa. Superior Ct. 117, 198 A. 925. The calling of witnesses is within the discretion of the district attorney under the general supervision of the trial judge: *Commonwealth v. Palermo*, 368 Pa. 28, 81 A. 2d 540. There is no duty on the Commonwealth to call an eyewitness whose testimony would merely be surplusage: *Commonwealth v. Horn*, 395 Pa. 585, 150 A. 2d 872. In any event, by requesting a recess in order to produce Boggs, in the words of Judge GLEESON, "the Commonwealth met any obligation which may have existed".

Appellant's second contention is that Officer Eisler committed perjury. What appellant apparently means is that the officer gave hearsay testimony. At the time of his apprehension, appellant's explanation of his possession of the two crumpled dollar bills was that they had been given to him in change by a bartender. Officer Eisler testified that he took appellant to the bar

in question, and the bartender stated that appellant had a glass of wine for which he paid a quarter in coin. Not only was there no objection to this testimony, but also its admission was at most a trial error, which may not be attacked by habeas corpus: *Commonwealth ex rel. Whalen v. Banmiller,* 193 Pa. Superior Ct. 554, 165 A. 2d 421. See also *Commonwealth ex rel. Leeper v. Russell,* 199 Pa. Superior Ct. 93, 184 A. 2d 149.

Appellant's third contention is that he was denied due process of law under the Fourteenth Amendment to the Constitution of the United States because of inadequate representation by counsel. Appellant asserts that he did not have sufficient opportunity to confer with his attorney, and that he was improperly advised to waive a jury trial. A similar contention was thoroughly discussed and answered in *Commonwealth ex rel. Dion v. Tees,* 180 Pa. Superior Ct. 82, 118 A. 2d 756. The mere fact that a prisoner after conviction is of the opinion that the trial was improperly conducted by his counsel constitutes no ground for issuance of the writ of habeas corpus: *Commonwealth ex rel. Schenck v. Banmiller,* 190 Pa. Superior Ct. 467, 154 A. 2d 320. This record does not disclose that appellant's representation at the trial was lacking in competence.

Order affirmed.