**UNITED STATES of America ex rel. Morrice JONES**

v.

**David N. MYERS, Superintendent State Correctional Institution, Graterford, Pennsylvania.**

**Misc. No. M–2642.**

United States District Court E. D. Pennsylvania.

Jan. 27, 1964.

**344**

Morrice Jones, in pro. per.

BODY, District Judge.

Morrice Jones petitions this Court for a writ of habeas corpus alleging a denial of due process based upon three grounds.

■ First: Petitioner claims that during his trial in Philadelphia in Au-

gust 1961, certain "perjured testimony" was admitted in evidence. In fact, from the petition it is clear that the testimony was hearsay. If it was error to admit this testimony, the error was harmless and, moreover, is mere trial error under Pennsylvania law, and was so treated by the Superior Court of Pennsylvania. Commonwealth ex rel. Jones v. Myers, 201 Pa.Super. 437, 193 A.2d 629 (1963); allocatur refused by Supreme Court on November 7, 1963. "Federal courts may not promulgate rules of evidence for state courts under the guise of preserving due process". United States ex rel. Saunders v. Myers, 276 F.2d 790 (3d Cir. 1960). Since the facts bearing on the "perjured testimony" were fully and fairly determined, no evidentiary hearing is required in this Court to determine the same. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

■ Second: Petitioner alleges that he was denied his right to confront a witness. This witness was the victim of the aggravated robbery of which relator was convicted. At trial counsel for petitioner objected when the district attorney asked for a recess in order to produce the witness. Petitioner was represented by counsel and was himself present in court. This was the time for him to insist that the witness be produced, not now, more than two years later. Assuming that petitioner had a right to confrontation under the circumstances, and further, that this right is of the highest constitutional order, neither of which is here decided, clearly petitioner waived his right with full knowledge of all of the facts and circumstances. There is no question that one can effectively waive a constitutional right foreclosing any further complaint with regard thereto. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed. 2d 837 (1963).

■ Third: Petitioner contends that counsel for the Commonwealth and his defense attorney conspired to deprive him of a fair trial and that the objection to the production of the missing witness

was contrived to make the record appear regular on its face. This fanciful position is based upon petitioner's bare assertion. Nowhere in the petition is it set forth in what manner relator intends to establish the fact of conspiracy. Anyone in prison may allege numerous circumstances such as this which, if true, would of course be a miscarriage of justice. However, the mere fact that anyone imprisoned could allege exactly the same sort of conspiracy is reason enough to require something of more factual substance than a naked assertion to entitle him to any further consideration.

## ORDER

AND NOW, this twenty-seventh day of January, 1964, in accordance with the foregoing Opinion, IT IS ORDERED that the petition of Morrice Jones for a writ of habeas corpus be and the same is hereby denied.