**UNITED STATES of America ex rel. Willie ALEXANDER**

v.

**David N. MYERS.**

**Misc. No. 3078.**

United States District Court
E. D. Pennsylvania.

Sept. 23, 1965.

Willie Alexander, pro se.
No appearance for respondent.

JOSEPH S. LORD, III, District Judge.

The relator in his petition for a writ of habeas corpus alleges as grounds for

**632**

granting the writ (1) that at his trial the Commonwealth withheld evidence favorable to the relator, and (2) that one of the Commonwealth's witnesses was persuaded by another witness to testify against the relator. Neither of the grounds upon which he relies has been presented to any state court, and the petition must accordingly be dismissed for failure to exhaust available state remedies.

 It may be noted parenthetically that petitioner has not complied with the rule of this court requiring him to complete the form provided for habeas corpus petitions. Some of the questions have not been answered at all (e. g., Nos. 19, 20), and others have not been answered responsively (e. g., No. 4).

Moreover, petitioner's first ground for relief only alleges the ultimate fact— viz., that the evidence withheld "will cause the petitioner to be found not guilty." Conclusory allegations such as this are not sufficient to require the court to hold a hearing. United States ex rel. Vaughn v. La Valle, 318 F.2d 499 (C.A. 2, 1963); Whitley v. Steiner, 293 F.2d 895 (C.A. 4, 1961); United States ex rel. Jones v. Myers, 226 F.Supp. 343 (E.D.Pa., 1964). In a case such as this, the petition must set forth the precise nature of the evidence allegedly withheld so that we may determine whether on the face of the petition there exists a valid claim for relief.

Petition denied.