J-S65002-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CHRISTOPHER REED | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARK GARMAN, SUPERINTENDENT | : | No. 1029 MDA 2019 |
| S.C.I. ROCKVIEW | : | |

Appeal from the Order Entered May 1, 2019
In the Court of Common Pleas of Cumberland County
Civil Division at No(s):  2018-12809

BEFORE:   PANELLA, P.J., KUNSELMAN, J., and COLINS, J.*

MEMORANDUM BY PANELLA, P.J.:                **FILED FEBRUARY 10, 2020**

Christopher Reed appeals, *pro se*, from the May 1, 2019 order dismissing his petition for writ of *habeas corpus* as untimely pursuant to the Post Conviction Relief Act (PCRA), **see** 42 Pa.C.S.A. §§ 9541-9546. As best can be gleaned, Reed, *inter alia*, purports to challenge the extradition process used to bring him before a court in Pennsylvania, claims ineffective assistance of counsel, attacks the voluntariness of his guilty plea, contends there has been a **Brady** violation, **see Brady v. Maryland**, 373 U.S. 83 (1963), and contests the sufficiency of the evidence utilized in his case. Because Reed has failed to overcome, much less discuss, the PCRA's time-bar, we are without jurisdiction to entertain his appeal. Accordingly, we affirm.

_____

* Retired Senior Judge assigned to the Superior Court.

Reed pleaded guilty to second-degree murder and related charges on January 9, 2004, and correspondingly received a life sentence. Reed filed no direct appeal following sentencing. Some fourteen years later, on December 10, 2018, Reed filed the present petition for writ of *habeas corpus*. The trial court dismissed Reed's petition without a hearing as untimely under the PCRA. Reed filed this timely appeal.

We note that Reed's Pa.R.A.P. 1925(b) statement and corresponding brief approach incoherency. For example, while his five-page 1925(b) statement includes numerous citations in an apparent attempt to illuminate the trial court's purported errors, it is largely unclear what point or points he is trying to make. However, to the best of our ability to decipher his claims, we observe that the most important element of his appeal is his contention that, prior to accepting a plea, he had been illegally extradited to Pennsylvania to face criminal charges. Conversely, to the extent Reed attempts to raise any issue not addressed here, we conclude such an issue is waived for failure to articulately raise it on appeal.[1]

The purpose of the writ of *habeas corpus* is used "*only* to extricate a petitioner from illegal confinement or to secure relief from conditions of confinement that constitute cruel and unusual punishment." **Commonwealth**

---

[1] A *pro se* litigant is entitled to no special benefit and must comply with all applicable requirements. **See Commonwealth v. Lyons**, 833 A.2d 245, 251–52 (Pa. Super. 2003). "When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review[,] a Court will not consider the merits thereof." **Branch Banking and Trust v. Gesiorski**, 904 A.2d 939, 942-943 (Pa. Super. 2006).

*ex rel. Fortune v. Dragovich*, 792 A.2d 1257, 1259 (Pa. Super. 2002) (emphasis added). Reed seems to suggest that he is being illegally confined, although even this supposition is muddled because the gravamen of his brief appears to simply challenge pretrial extradition proceedings.

If "a defendant's post-conviction claims are cognizable under the PCRA, the common law and statutory remedies now subsumed by the PCRA are not separately available to the defendant." **Commonwealth v. Hall**, 771 A.2d 1232, 1235 (Pa. 2001) (citations omitted). The PCRA incorporates the remedy of *habeas corpus* if it offers the petitioner a remedy pursuant to that Act. **See Commonwealth v. West**, 938 A.2d 1034, 1043 (Pa. 2007). Similarly, the writ of *habeas corpus* is not an available remedy if relief could be obtained via a post-conviction hearing proceeding. **See** 42 Pa.C.S.A. § 6503. Therefore, regardless of how the petition is styled, "a defendant cannot escape the PCRA time-bar by titling his motion as a writ of *habeas corpus*." **Commonwealth v. Taylor**, 65 A.3d 462, 466 (Pa. Super. 2013) (footnote omitted).

A filing pursuant to the PCRA "provides for an action by which … persons serving illegal sentences may obtain collateral relief." 42 Pa.C.S.A. § 9542. The PCRA is the *sole* pathway to obtain collateral relief, which therefore subsumes common law and statutory remedies including the right to *habeas corpus* relief. **See id**.; **see also Commonwealth v. Deaner**, 779 A.2d 578, 580 (Pa. Super. 2001) ("It is well settled that any collateral petition raising issues with respect to remedies offered under the PCRA will be considered a PCRA petition.").

Here, the trial court found Reed's petition to be one seeking relief available under the PCRA. ***See Commonwealth v. Burkett***, 5 A.3d 1260, 1275 (Pa. Super. 2010) (identifying that the PCRA offers a remedy for a valid illegal sentencing claim); ***see also*** Appellant's Brief, at 2 (maintaining that his proceeding was a nullity and that the trial court was without jurisdiction to impose a sentence). Furthermore, as Reed's main argument invokes the legality of his extradition proceeding, "[q]uestions relating to the sufficiency or regularly of proceedings prior to indictment may not be raised by a petition for a writ of *habeas corpus*." ***Commonwealth ex rel. Whalen v. Banmiller***, 165 A.2d 421, 423 (Pa. Super. 1960).

Reed also suggests that the trial court lacked jurisdiction to sentence him, but jurisdictional questions are also squarely within the purview of the PCRA. ***See*** 42 Pa.C.S.A. § 9543(a)(2)(viii) ("To be eligible for relief … the petitioner must plead and prove … [t]hat the conviction or sentence resulted from … a proceeding in a tribunal without jurisdiction"). Accordingly, Reed's petition is not germane to *habeas* relief, and we find that the court properly addressed his petition under the PCRA.

"On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." ***Commonwealth v. Edmiston***, 65 A.3d 339, 345 (Pa. 2013) (citation omitted). On questions of law, our scope of review is *de novo*. ***See id***.

Because the court properly treated Reed's filing as a PCRA petition, the jurisdictional requirements of the PCRA applied, as timeliness of a post-conviction petition is jurisdictional. *See Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). Under the PCRA, a petitioner must file any PCRA petition within one year of the date that his judgment becomes final. *See* 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3). Therefore, absent an exception, we are without the power to address the merits of the underlying issues raised if the PCRA petition was not timely filed. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Reed's judgment of sentence became final over a decade ago when he did not seek any review following his guilty plea. Consequently, his petition is patently untimely. Through a thorough and generous review of his 1925(b) statement and brief, Reed has not pleaded nor argued that his petition qualifies for any of the recognized exceptions to the PCRA's time-bar. *See* 42 Pa.C.S.A. § 9545(b)(1)(i-iii) (outlining the PCRA's three time-bar exceptions). As such, the trial court correctly dismissed his petition as untimely, and we affirm that order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 02/10/2020